LEON BATTISTELLI *v.* THE STATE.

(*Jackson*, April Term, 1919.)

1. **PARDON.** ''After conviction.''

Pardon after verdict, but before motion for new trial was overruled, came "after conviction" within Const. article 3, section 6. (*Post, pp.* 566, 567.)

Cases cited and approved:  State ex rel. v. Garrett, 135 Tenn., 617.

Constitution cited and construed:  Const. art. 3, sec. 6.

2. **PARDON.** Conditions.  Binding effect.

Pardon having been issued upon express condition that defendant pay all costs of the case, defendant, who accepted the benefits of the pardon, must be held to have assumed payment of costs. (*Post, p.* 567.)

---

FROM SHELBY.

---

Appeal from the Criminal Court of Shelby County. —HON. T. W. HARSH, Judge.

RALPH DAVIS, for appellant.

WM. H. SWIGGART, JR., Assistant Attorney-General, for the State.

MR. JUSTICE GREEN delivered the opinion of the Court.

The defendant was found guilty of receiving stolen goods, and his punishment fixed at ninety days by verdict of the jury.

The verdict was returned November 27, 1918. A motion for a new trial was heard December 7, 1918, taken under advisement by the court and overruled January 10, 1919. In the order overruling the motion for a new trial sentence was suspended to permit the defendant to make application to the Governor for pardon. It turned out that the defendant had already applied for a pardon, and a pardon had been issued to him, relieving him of the imprisonment on January 9, 1919, the day before the motion for a new trial was overruled. On January 27, 1919, another order was entered in this case below, referring to the Governor's pardon and setting aside the former sentence of imprisonment, but adjudging that defendant be required to pay the costs of the case.

The defendant has attempted to prosecute an appeal in error from the proceedings below, for vindication, as his counsel says, and seeking to escape the payment of the costs.

Although the pardon in this case was actually issued before the motion for a new trial was overruled, still the pardon came after the verdict of the jury, and therefore came after conviction within the meaning of article 3, section 6, of the Constitution. *State ex rel. v. Garret,* 135 Tenn., 617, 188 S. W., 58, L. R. A., 1917B, 567.

After reciting the reasons that induced him to exercise clemency, in the pardon herein issued, the Governor says:

"I feel constrained to relieve defendant of the ninety-day workhouse sentence, upon condition that he pay all costs, including State and county tax and attorney-general's fees, and the further condition that he will in the

future refrain from all violations of the law, and that he will in all respects demean himself as a law-abiding citizen.''

It thus appears that the pardon from the workhouse sentence was issued upon the express condition that defendant pay all the costs of this case.

As stated in *State ex rel.* v. *Garret,* supra, it is within the power of a convicted person to accept or decline a pardon as he chooses. Defendant's counsel was asked, upon the hearing of the case in this court, if he was willing to waive the pardon. Counsel replied that he did not feel authorized to do so.

We, therefore, have a case in which the defendant wishes to accept a pardon granted upon condition and at the same time seeks to escape the condition imposed.

This is not permissible. Defendant can avail himself of his pardon or he can repudiate it. He cannot, however, obtain the benefit of the pardon without complying with the condition upon which it issued. This court cannot determine controversies of such nature.

Having accepted the benefit of the pardon, the defendant must be held to have assumed the payment of costs herein, as he was required by the pardon to do.

It results that this appeal in error is dismissed, at defendant's cost.