STATE EX REL. D. C. KNOWLES, *v.* CHARLES TAYLOR AND
E. C. WHITLOCK.*

(*Knoxville.* September Term, 1929.)

Opinion filed December 9, 1929.

---

*As to degree and character of proof required in a **habeas corpus** proceeding on the issue as to whether accused is a fugitive from justice in extradition proceeding, see annotation in 51 A. L. R., 804; 11 R. C. L., 733; R. C. L. Perm. Supp., p. 2986; On the question as to sufficiency of recitals of indictment or affidavit in warrant for extradition, see 11 R. C. L., 747; R. C. L., Perm, Supp., p. 2989.

THOMAS CRUTCHFIELD, for plaintiff in error.

GUS A. WOOD, JR., for defendant in error.

MR. JUSTICE COOK delivered the opinion of the Court.

The petitioner, D. C. Knowles, was arrested as a fugitive from justice upon a warrant issued under chapter 85 of the Acts of 1921, by a Justice of the Peace of Hamilton County. The warrant was issued February 15, 1929. Subsequently, on March 23, 1929, the Justice of the Peace committed petitioner to the custody of the Sheriff of Hamilton County to await removal to the State of Georgia through extradition proceedings in which E. C. Whitlock was designated as agent for the State. On the date of his commitment by the Justice of the Peace, the petitioner, alleging illegal restraint by Whitlock and the Sheriff of Hamilton County, sued out the writ of *habeas corpus*. The trial judge dismissed the petition and remanded the petitioner to the custody of E. C. Whitlock, agent for the State of Georgia. Appeal was prayed and granted and through his assignments of error the petitioner insists that his petition should have been sustained and his detention declared illegal.

Statutes regulating the procedure in *habeas corpus* cases are compiled in Shannon's Code, from which we quote as follows:

"Sec. 5532. Although commitment of the person detained may have been irregular, still, if the court or the judge is satisfied, from the examination, that he ought to be held to bail, or committed, either for the offense

charged, or any other, the order shall be made accordingly.

"Sec. 5541. The party detained shall be remanded to custody, . . . in every case in which the detention is authorized by law."

Petitioner was before the trial judge seeking discharge from custody of the officers, confronted by the warrant of the Governor of Tennessee, authorizing his arrest and extradition to the State of Georgia. Upon requisition of the Governor of Georgia, the Governor of Tennessee, on March 15, 1929, issued his warrant rendering the petitioner to the State of Georgia and reciting in the warrant that he should be delivered to E. C. Whitlock.

█ Notwithstanding alleged irregularities in the warrant and *mittimus* issued by the Justice of the Peace, if the petitioner was subject to extradition the trial judge committed no error in passing the irregularities alleged against the preliminary proceeding before the Magistrate and remanding the petitioner to the custody of the agent appointed by the State of Georgia to receive him and authorized by the warrant of the Governor of Tennessee to arrest and transport him.

Irregularity in the preliminary proceedings are immaterial and need not be considered on review. It is only necessary to pass upon the legality of the rendition by the Governor of Tennessee and the requisition by the Governor of Georgia, which also includes the inquiry as to whether the petitioner was properly charged with an extraditable offense.

It is contended on behalf of petitioner that under the Constitution of the United States, Article IV, section 2, sub-section 2, only treason, felony and high misdemeanor are extraditable offenses and that it was not contem-

plated by the constitutional provision referred to or the Act of Congress based thereon that extradition should extend to subsequent statutory misdemeanors and petty offenses.

■ The expense of arresting and transporting fugitives merely charged with misdemeanors might 'induce the Executive of the State where the offense was committed to refrain from making requisition for arrest and return in such cases, and in trivial cases directed against fugitives who have domiciled and become good citizens, the Executive of the asylum State might, without impropriety, refuse to surrender the alleged fugitive on demand of another State. But these are considerations of public policy which address themselves to the executive authority and over which the courts have no control.

■ The words treason, felony, or other crime found in Article IV above referred to include every offense made punishable by the laws of the State where committed, from the highest to the lowest, including misdemeanors, statutory crimes, and acts made crimes by statute at any time after the adoption of the Federal Constitution and the enactment of the extradition law. These propositions are supported by a great number of authorities cited in 25 C. J., sec. 8, page 256.

Transporting more than a gallon of intoxicating liquor is by statute a felony in Tennessee; if less than a gallon it is a misdemeanor. And so it appears such acts are denounced as offenses against the laws of the State of Georgia.

■ If a statutory crime or misdemeanor is apparently set forth in the indictment or warrant submitted with the requisition, or made a part of it, the presumption

attends that such act is an offense under the laws of the demanding State. *Herbert* v. *Coleman,* 3 Civ. App., 316.

While it is for the Governor of the asylum State, not the courts, to determine whether or not the demand should be complied with, the action of the Executive is open to judicial inquiry on *habeas corpus.* In such proceeding the prisoner held for extradition may show that the requisition is not in compliance with the Act of Congress; that he is not the person charged; that the act charged is not a crime against the law of the demanding State; that he was not present in that State when the crime alleged was committed, that is to say that he is not a fugitive from justice. In addition, he may challenge the sufficiency of the warrant issued by the Governor of the asylum State authorizing his extradition.

The requisition by the Governor of Georgia and the warrant of the Governor of Tennessee thereon are in the record. They make out a *prima-facie* case for extradition, which is not rebutted by any evidence to the contrary. While the indictment is not copied into the requisition of the Governor of the State of Georgia nor into the warrant issued by the Governor of the State of Tennessee, it is recited in both that the petitioner stands charged in the State of Georgia with the offense of transporting intoxicating liquor. It is not required that the indictment be copied into the requisition or the warrant. It is only necessary, under the Act of Congress, sections 5278, 5279, U. S. Revised Statutes, that a copy of the indictment certified as authentic by the Governor of the demanding State accompany the requisition.

50

 It is recited in the warrant issued by the Governor of Tennessee that a copy of the indictment was exhibited with the requisition and that it charged the crime of transporting intoxicating liquor. The Governor of Tennessee had the right, and it was his duty, to require the production of evidence showing every fact essential to the validity of the demand made by the Governor of Georgia before issuing his warrant for the extradition of the prisoner. Since it is a presumption that every official charged with a duty acted according to law, it must be presumed, in the absence of any proof to the contrary, that a duly certified copy of the indictment accompanied the requisition sent by the Governor of Georgia and that it was before the Governor of Tennessee when the warrant was issued. His recitals in the warrant are *prima-facie* evidence that every essential fact, including a certified copy of the indictment accompanying the demand of the Governor of Georgia, were before him when he issued the warrant. 25 C. J., p. 269, sec. 40.

Let the judgment be affirmed and the cause is remanded for its enforcement.