STATE ON RELATION OF ROBERT BEDFORD, *v.* A. A. MC-
CORKLE, WARDEN, ETC.

*(Nashville,* December Term, 1930.)

Opinion filed July 18, 1931.

Robert L. Sadler, for plaintiff in error.

W. F. Barry, Jr., Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

This is an action to secure the release of the relator, Robert Bedford, from prison, by the writ of *habeas corpus*.

Bedford was given a conditional pardon by the Governor on March 8, 1929, relieving him of the unexpired portion of a term of ten years for abduction. He was returned to the penitentiary on September 24, 1929, for a breach of the condition of the pardon, by virtue of a warrant of the Governor, issued under authority of Shannon's Code, section 7236.

The pardon was conditioned that Bedford "obey the law in every way, lead the life of a good citizen, and refrain from the use, sale, manufacture or possession of all kinds of intoxicants contrary to our laws, or of other conduct in the judgment of the Governor improper." The pardon provided that, upon breach of the stated conditions, "without question or review he shall be taken into custody on the Governor's warrant to serve the remainder of his sentence in this case."

The warrant issued by the Governor for the recommitment of the relator recites that he "has not kept the law and has not conducted himself as a good citizen." Relator's petition recites that the action of the Governor was based upon a specific charge that relator was guilty of transporting whisky in violation of statutes of the State, of which charge he was innocent. The circuit court heard the evidence submitted by the parties on this issue, and found that the relator committed the offense as charged. This finding is abundantly sustained by the evidence in the record before us.

The relator's petition, addressed to the circuit court, sought his release on only three grounds: (1) That he had not breached the condition of the pardon; (2) that he could not lawfully be recommitted without a judicial determination of the fact of the breach; and (3) that the Governor was without power to fix conditions in the pardon granted to relator, and that such conditions were void.

The circuit court ruled against the relator on each of the three issues, and dismissed the petition. The relator alone was granted an appeal in the nature of a writ of error. He assigns as error that the circuit court erred in holding (1) that the Governor has the power to grant a conditional pardon and be sole judge of whether or not the conditions have been broken; and (2) that there was any evidence to sustain the judgment dismissing the petition and writ. The two assignments of error follow the two grounds of the motion for a new trial made in the trial court.

The Constitution of Tennessee, article 3, section 6, provides that the Governor "shall have power to grant reprieves and pardons, after conviction, except in cases of impeachment."

The Code of Tennessee, section 5261 (Shannon's Code, section 7236), provides: "The governor may grant pardons upon such conditions and with such restrictions and limitations as he may deem proper, and may issue his warrant to all proper officers to carry into effect such conditional pardon."

The Governor's power to pardon is not restricted except as expressly provided in the section of the constitution quoted, and there is no reasonable basis for argument that a pardon may not be issued with conditions

attached. This was recognized by this court in *Battistelli* v. *State*, 141 Tenn., 567, and is supported by a long list of authorities elsewhere, cited in a note in 60 American Law Reports, 1410, 1411. We are referred to no contrary holdings. The power to grant an absolute pardon includes the power to grant a pardon on condition, especially since it is the right of the convicted person, to whom the pardon is offered as an act of grace, to refuse to accept it if unwilling to comply with the conditions imposed. *Battistelli* v. *State, supra; State ex rel. Barnes* v. *Garrett*, 135 Tenn., 617, 626, 188 S. W., 58, L. R. A. 1917B, 567; 20 Ruling Case Law, 569 (Pardons, sec. 58).

This power of the Governor is not derived from the statute or code section quoted, but the statute, recognizing the constitutional power of the Governor, is in aid of the power, by providing for the issuance of a warrant by the Governor "to carry into effect such conditional pardon."

The warrant issued by the Governor for the arrest and recommitment of the relator in this case, for breach of the conditions of the pardon, is such a warrant as is authorized by the statute.

It is unnecessary that we here express any opinion upon the validity or enforceability of all of the conditions imposed in the pardon issued to the relator, or upon the sufficiency of the charge in the warrant that the conditions were violated. Relator conceded that the basis of the Governor's warrant for his arrest and recommitment was the charge that he had violated the law against the possession of whisky at a particular place and time, and tendered an issue of fact as to whether he had committed such offense; and it was a valid condition of the pardon, without possibility of doubt, that the relator should re-

frain from the unlawful use or possession of intoxicating liquor.

It was made a further condition of the pardon that the relator, upon breach of the stated conditions, should be taken into custody to serve the remainder of his sentence, upon the Governor's warrant, "without question or review." Such a condition has usually been held, in other jurisdictions, to be binding upon the recipient of the pardon, in the absence of statutes to the contrary. See cases cited in Note, 60 American Law Reports, 1421. In a recent case, decided by the Supreme Court of Missouri, *Ex parte Webbe,* — Mo., —, 30 S. W. (2d), 612, this rule is stated:

"The well-settled rule seems to be that, where the conditional pardon or commutation expressly provides that upon a violation of the condition the offender shall be liable to summary arrest and recommitment for the unexpired portion of his original term, such provision is binding upon the convict and authorizes his rearrest and recommitment upon nonperformance of the condition in the manner and by or through the official authority therein provided. *Ex parte Houghton* (Oregon Sup. Ct.), 13 Ann. Cas., 1104 (note), citing *State* v. *Horne,* 52 Fla., 125, 42 So., 388, 7 L. R. A. (N. S.), 719; 24 Am. & Eng. Ency. Law (2 Ed.), p. 595; 20 R. C. L., p. 573."

In the case at bar the relator was afforded a hearing or "day in court" as to the fact of his breach of the conditions of his pardon, by the judicial determination of the fact on the hearing of his petition for the writ of *habeas corpus.* And this, we think, would be a sufficient determination of the fact of the breach of condition, even in the absence of the condition of the pardon authorizing arrest and recommitment "without question or review."

The practice, without such stipulation, would be analogous to that heretofore followed in testing an arrest upon the Governor's warrant in extradition proceedings. *State ex rel. Sivley* v. *Hackett*, 161 Tenn., 602; *State ex rel. Guy* v. *Foster*, 160 Tenn., 285; *State ex rel. Knowles* v. *Taylor*, 160 Tenn., 44.

Whether the trial court should have sustained the contention of the warden in the case at bar, that judicial inquiry into the fact of the relator's breach of the conditions of his pardon was precluded by the stipulation for arrest and recommitment "without question or review" is not before us on the appeal in error of the relator alone. Only rulings adverse to the plaintiff in error are open to review. *State* v. *Willis*, 130 Tenn., 403

We hold that the condition of the pardon issued to the relator that he refrain from violations of the laws prohibiting the possession of intoxicating liquor was a valid condition, upon the breach of which the warrant for arrest and recommitment rightfully issued; that the fact of the breach was adjudged by the circuit court in this proceeding upon evidence abundantly sustaining the judgment. These are the questions presented by the appeal in error. The judgment of the circuit court dismissing the petition for *habeas corpus* is accordingly affirmed.

Notwithstanding the judgment dismissing the petition, the circuit court ordered the release of the relator on bond, pending the appeal. The warden did not contest that order. The judgment to be entered here will direct that relator be restored to the custody of the warden. Costs are adjudged against relator, the appeal having been perfected by his oath in the form provided by law for poor persons.