STATE *ex rel.* IVERSON *v.* SHERIFF & OFFICER OF COOK COUNTY, CHICAGO, ILL.

(*Nashville*, December Term, 1947.)

Opinion filed May 3, 1948.

Jay C. Evans, of Nashville, for plaintiff in error.

Andrew D. Tanner and Kenneth Harwell, both of Nashville, for defendant in error.

Mr. Justice Gailor delivered the opinion of the Court.

This appeal is from the action of the Judge of Division II of the Criminal Court of Davidson County, in dismissing a petition for *habeas corpus*, filed by the Relator to test the validity of a warrant for her extradition to Cook County, Illinois, on a charge of bigamy.

On April 12, 1947, the Governor of Illinois issued a requisition to the Governor of Tennessee for the apprehension of Relator on the ground that she was a fugitive from justice from the State of Illinois. The requisition was accompanied by a certified copy of the petition addressed to the Governor of Illinois and sworn to by the State's Attorney for Cook County, and accompanied by a certified copy of complaint for examination and warrant. The Governor of Tennessee granted Relator a hearing on April 18, 1947, and thereafter ordered her extradition to the State of Illinois. No complaint is made of the form and completeness of the documents supporting the Governor's warrant for extradition.

The present petition for writ of *habeas corpus* was filed by Relator in the Criminal Court of Davidson County, and after a full hearing before the Honorable CHARLES GILBERT, relief was denied Petitioner and the petition dismissed.

Apparently, the Relator makes 15 assignments of error which we shall not consider severally because they wholly fail to comply with the Rules of this Court, both in form and in content. The rules violated or ignored are Subsection (2) of Rule 14, Rule 15 and Rule 17, 173 Tenn. 874 through 879.

There is no merit in Relator's insistence that the burden was on the Defendant to show the regularity of the proceedings and the good faith of the prosecution. When the Governor of the asylum state (Tennessee) has

granted a hearing and ordered the extradition, the usual presumption of regularity which attends official action renders the Governor's determination *prima facie* correct and casts the burden of proof on the Relator to show the contrary. *State ex rel. Van Scoyoc v. State*, 171 Tenn. 357, 103 S. W. (2d) 26; *State ex rel. Knowles v. Taylor*, 160 Tenn. 44, 22 S. W. (2d) 222; *State of South Carolina v. Bailey*, 289 U. S. 412, 53 S. Ct. 667, 77 L. Ed. 1292.

From the brief filed by Relator and argument at the Bar, we conclude that the principal basis for the appeal is the allegation that the prosecution was commenced in bad faith, and that the motive for the prosecution was the settlement of a civil suit and the collection of a civil debt. The Prosecutrix, one Elsie White, was the daughter by a former marriage of the man Iverson, with whom Relator was accused of having contracted a bigamous marriage. Iverson is dead and the Relator, as one of the Distributees of his estate, has received a part of his property. A civil suit has been instituted against Relator to secure repayment of this distributive share of Iverson's estate, and it is alleged by the Relator that to induce her to repay this money the present prosecution for bigamy was commenced in Illinois. The Prosecutrix denied that this was the purpose of the prosecution and asserted that is was commenced in good faith when she was examined before the Magistrate who issued the warrant in Illinois. The Relator presented the contention of bad faith both to the Governor at the time of the extradition hearing, and to the Judge of the Criminal Court on the hearing on this petition for *habeas corpus*.

At the time of the hearing in the Criminal Court the only evidence to support this contention of the Relator was given by herself, but in connection with the

motion for a new trial she undertook to support her account by affidavits of certain people in Chicago, who impugned the motives of Elsie White, the Prosecutrix, and her reasons for bringing the prosecution. None of this evidence, however, rises above the mere opinion of the Relator and the affiants, and the only value of the evidence is as such opinion or conclusion. The Governor and the Trial Judge found the evidence insufficient and we cannot hold them in error for so doing, nor do we think the Trial Judge erred in refusing a new trial. None of this evidence affects the guilt of the Relator of the charge of bigamy, and certainly that was the primary question and the only one which would have justified the Criminal Court in releasing the Relator under the writ of *habeas corpus*. To paraphrase one of our leading cases, the only question open for our consideration in this appeal is whether the Relator is charged with crime in Illinois and is a fugitive from justice of that State. This was the only question proper for the Governor of Tennessee to consider in determining whether he should issue his warrant on the demand of the Governor of Illinois. *State ex rel. Lea* v. *Brown*, 166 Tenn. 669, 680, 64 S. W. (2d) 841, 91 A. L. R. 1246.

▇ Several pages of Relator's brief are taken up with argument that the technical charge of bigamy as prescribed by Illinois statutes Ill. Rev. Stat. 1947, c. 38, sec. 75, is not complete in the Illinois warrant. We cannot reach a consideration of that question on this appeal.

"The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on *habeas corpus*. . . .

"If it appear that the indictment substantially charges an offense for which the person may be returned to the

State for trial, it is enough for this proceeding (*habeas corpus*)." *Munsey* v. *Clough*, 196 U. S. 364, 373, 25 S. Ct. 282, 284, 49 L. Ed. 515; *State ex rel. Lea* v. *Brown, supra,* 169 Tenn. at page 682, 64 S. W. (2d) 841; *Ex parte Reggel*, 114 U. S. 642, 5 S. Ct. 1148, 29 L. Ed. 250; *Pearce* v. *Texas*, 155 U. S. 311, 15 S. Ct. 116, 39 L. Ed. 164.

■ Finally, Relator's brief recites a number of objections to certain evidence elicited from the Relator at the time of her examination by the Judge of the Criminal Court. However, the brief contains no specification of how the Relator's rights were prejudiced by answering these questions. Since Relator's examination was before the Judge without a jury, we cannot see how her rights were prejudiced. The proceeding in the Trial Court was civil and not criminal and the strict rules of evidence as in criminal cases, do not apply. *United States* v. *Wiliams*, D. C., 6 F (2d) 13.

What was said in *Munsey* v. *Clough, supra,* with regard to the form and restrictions of evidence to be submitted to the Governor, applies equally to the rule for the hearing before the Trial Judge:

"Strict common-law evidence is not necessary. The statute does not provide for the particular kind of evidence to be produced before him, nor how it shall be authenticated, but it must at least be evidence which is satisfactory to the mind of the governor. *Roberts* v. *Reilly*, 116 U. S. 80, 95, 6 S. Ct. 291, 29 L. Ed. 544, 549." *Munsey* v. *Clough*, 196 U. S. 364, 25 S. Ct. 282, 49 L. Ed. 515, 517.

■ Since the only relevant question before the learned Judge of the Criminal Court was the legality of the requisition and rendition (*State ex rel. Knowles* v. *Taylor*, 160 Tenn. 44, 22 S. W. (2d) 222), we must conclusively

presume that all irrelevant matters were carefully excluded from his mind when he reached his decision. When, therefore, after hearing the Relator's very full testimony and examining all the documents necessary to support the extradition, he determined that the petition "is not sustained by the proof, is without merit and the proceedings for the extradition of Relator to the State of Illinois, are valid and regular," there being no defect apparent on the face of the record, *Bicknell* v. *Farley*, 232 Iowa 464, 5 N. W. (2d) 831, the decision of the judge of the Criminal Court will not be disturbed on appeal. In *re Sanders*, Ohio App., 31 N. E. (2d) 246; *State ex rel. Brown* v. *Grosch*, 177 Tenn. 619, 152 S. W. (2d) 239.

For the reasons stated the assignments of error are dismissed and the judgment affirmed.

All concur.