STATE OF TENNESSEE ex rel. M. W. (MAX W.) NUNN,
Petitioner,

*v.*

GUY BRADSHAW, Sheriff, Respondent.

(*Jackson*, April Term, 1960.)

Opinion filed October 7, 1960.

MARION H. HOLMES, JR., and HAL HOLMES, Trenton, for petitioner.

THOMAS E. FOX, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The plaintiff in error M. W. (Max W.) Nunn, hereinafter called the petitioner, has appealed from an order dismissing his petition for a writ of habeas corpus and ordering that he be remanded to Guy Bradshaw, Sheriff of Gibson County, for extradition to the State of Arkansas in accordance with a warrant issued by His Excellency The Honorable Buford Ellington, Governor of Tennessee.

The only assignment of error on appeal is that said order of the trial judge was erroneous, because the extradition warrant fails to meet our statutory requirements, particularly T.C.A. sec. 40-1020, because it recites upon its face that relator stands charged by indictment in the State of Arkansas with the crime of embezzlement, whereas the indictment shows upon its face that relator is not charged with the crime of embezzlement.

The last part of the foregoing statement of the assignment of error is, of course, the conclusion and language of the pleader.

The record shows that the requisition signed by the Governor of the demanding State, Arkansas, states that the relator Nunn is charged in that State by indictment with the crime of embezzlement. Likewise, with reference

to the order of extradition signed by the Governor of Tennessee. The record contains also a copy of the indictment which purports to be for violation of the embezzlement statute in Arkansas Code, sec. 41-3927. Counsel for respondent, however, seeks to interpret said indictment as being more properly under Arkansas Code, sec. 41-3929, the fraudulent breach of trust statute.

We think that this situation is controlled by *State ex rel. Lea v. Brown,* 166 Tenn. 669, 682, 64 S.W.2d 841, 845, 91 A.L.R. 1246, wherein the Court stated:

" 'The sufficiency of the indictment, as a matter of technical pleading, will not be inquired into on *habeas corpus.* * * * If it appear that the indictment substantially charges an offense for which the person may be returned to the state for trial, it is enough for this proceeding.' *Munsey v. Clough,* 196 U.S. 364, 373, 25 S.Ct. 282, 284, 49 L.Ed. 515.

" 'In extradition proceedings, even when, as here, a humane opportunity is afforded to test them upon *habeas corpus,* the purpose of the writ is not to substitute the judgment of another tribunal upon the facts or the law of the matter to be tried. The Constitution says nothing about *habeas corpus* in this connection, but peremptorily requires that upon proper demand the person charged shall be delivered up to be removed to the state having jurisdiction of the crime.' *Drew v. Thaw,* 235 U.S. 432, 439, 35 S.Ct. 137, 138, 59 LEd. 302.' '

See also *State ex rel Iverson v. Sheriff,* etc., 186 Tenn. 349, 210 S.W.2d 483.

The wisdom of the above rule is further illustrated by the case of *Baker v. State,* 200 Ark. 688, 140 S.W.2d 1008.

There it was *Held* that although an indictment charging embezzlement of school district funds was drawn in the words of the Arkansas Code sec. 41-3927, it was sufficient to charge an offense under sec. 4-3929 and the conviction was affirmed.

The Court said on page 691 of 200 Ark., on page 1010 of 140 S.W.2d:

"Certainly, if by reasonable construction the language of the information charges an offense against the laws of the State, under any other provisions of the statutes, the ineptitude of the pleader's diction would not operate to nullify the proceedings."

No reason occurs why a fugitive from justice should be treated more tenderly than an accused who has not fled the realm. The indictment in this record fully informs the relator of the details of the charge against him.

The Arkansas court also holds that the expression in the statute "any other person" means any person other than the guilty person and not a person other than the master. *Fleener v. State*, 58 Ark. 98, 23 S.W. 1.

Then finally, the Brown case supra holds that when a fugitive is brought within the jurisdiction of a State by extradition on one or more charges, it violates no constitutional right to try him on other offenses than those specified in the extradition warrant.

For these reasons, we think the judgment below ought to be and the same is affirmed.