## ANTHONY UPCHURCH v. STATE.

184 N. W. (2d) 607.

February 26, 1971—No. 42376.

*John S. Connolly,* for appellant.

*Douglas M. Head,* Attorney General, *James M. Kelley,* Assistant Attorney General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Peterson, and Rosengren, JJ.

PER CURIAM.

This is an appeal from a postconviction order arising out of the revocation of petitioner's probation. The issue is whether a condition of probation which prohibits the use of intoxicating liquor is valid. We hold that it is.

In August 1965, petitioner pled guilty in Ramsey County to burglary. At the presentence hearing, he described himself as a compulsive drinker and testified that he was drunk at the time of the offense. However, he had previously remained dry for a year, and he told the court he could probably do so again if he had guidance. The court then asked petitioner if he was willing to give his "solemn promise" to abstain from intoxicants for the term of his sentence if he were placed on probation. Petitioner agreed.

Thereafter, petitioner resumed drinking to such an extent that he voluntarily entered a state hospital but refused to remain until discharged. Consequently, his probation was revoked in November 1968.

Petitioner argues that the condition of probation imposed on him by the court was void, citing State ex rel. Halverson v. Young, 278 Minn. 381, 154 N. W. (2d) 699, and State v. Fearon, 283 Minn. 90, 166 N. W. (2d) 720. In Halverson, we struck down banishment as a condition of probation because it was unrelated to rehabilitation or public safety.

Here, on the other hand, the condition imposed was directed to both objectives.

In Fearon, we held that a chronic alcoholic is incapable of drinking "voluntarily" and thus cannot be found guilty of becoming voluntarily intoxicated under Minn. St. 340.96. The United States Court of Appeals in Sweeney v. United States (7 Cir.) 353 F. (2d) 10, has carried this concept one step further and has held that a condition of probation forbidding an alcoholic to drink is unreasonable. The Oregon Supreme Court in Sobota v. Williard, 247 Ore. 151, 427 P. (2d) 758, chose not to follow the Sweeney case, and we are like-minded. It is one thing to hold that it is not a crime for an alcoholic to become intoxicated. It is quite another to revoke probation after giving a convicted felon, whose behavior stems from alcohol, an opportunity to stay out of prison by offering him the alternative of remaining sober. Fortunately, not every alcoholic reverts to liquor. The prospect of confinement is a compelling deterrent in a sufficient number of instances to justify the continuation of this probation practice. Arthur v. Craig, 48 Iowa 264; Huff v. Dyer, 4 Ohio Cir. Ct. 595, 596, 2 Ohio Cir. Dec. 727, 728; People v. Burns, 77 Hun. 92, 28 N. Y. S. 300; State ex rel. Bedford v. McCorkle, 163 Tenn. 101, 40 S. W. (2d) 1015; Rubin, The Law of Criminal Correction, c. 6, § 18.

Affirmed.