IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH SERAMONE,                    §
                                    §
        Defendant Below,            §   No. 356, 2023
        Appellant,                  §
                                    §   Court Below: Superior Court
        v.                          §   of the State of Delaware
                                    §
STATE OF DELAWARE,                  §   Cr. I.D. No. 1904020542
                                    §
        Appellee.                   §

Submitted: October 20, 2023
Decided:   November 9, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     The appellant, Joseph Seramone, pleaded guilty to second-degree rape, and the Superior Court sentenced him to life imprisonment. Seramone did not file a direct appeal, but he filed a timely motion for postconviction relief. The Superior Court denied the motion in an order that was dated August 18, 2023, and docketed on August 21, 2023. On September 27, 2023, Seramone filed a notice of appeal from the Superior Court's order denying his motion for postconviction relief. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before September 20, 2023.

(2) A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1] The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3) The Senior Court Clerk issued a notice directing Seramone to show cause why this appeal should not be dismissed as untimely filed. In response, Seramone states that he timely placed the notice of appeal into the prison mail system, but that the prison mailroom delayed sending it.[3] He argues, without citation to legal authority, that Delaware's failure to adopt a mailbox rule or to provide for e-filing in prison discriminates against prisoners and violates the Due Process and Equal Protection Clauses. The Court directed the State to respond and specifically requested that the State "address the appellant's Equal Protection and other challenges to Delaware's failure to adopt a prison mailbox rule and include a copy of the appellant's incoming and outgoing mail log." In its response, the State argues that the appeal should be dismissed because Delaware has not adopted a prison mailbox rule and Seramone has not demonstrated that the filing delay is attributable to court-related personnel. The State does not address Seramone's argument that

---

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[3] We note that Seramone did not date his notice of appeal or his motion to proceed *in forma pauperis*, nor is his motion to proceed *in forma pauperis* notarized. The envelope in which they were mailed to this Court is postmarked September 26, 2023. It appears that Seramone requested postage for his mailing on September 17.

2

Delaware's procedures are constitutionally infirm. The State also has not provided a copy of Seramone's prison mail log, although it included a receipt reflecting that Seramone requested postage for mailing his appeal to this Court on September 17, 2023, three days before the appeal deadline.

(4) In *Smith v. State*,[4] this Court declined, as it had done before,[5] to adopt the federal "prison mailbox rule" as set forth by the United States Supreme Court in *Houston v. Lack*.[6] Under the prison mailbox rule, an appeal (or certain types of appeals) filed by a prisoner proceeding *pro se* would be considered as filed upon delivery to prison authorities for mailing, rather than when received by the office of the Clerk of this Court as provided in 10 *Del. C.* § 147 and Supreme Court Rule 10(a).[7] Reviewing case law from other states that had considered the prison mailbox rule, the Court in *Smith* explained the rationale for adopting such a rule as follows:

> The rationale of other states for adopting the mailbox rule for *pro se* prisoners has been consistent with the reasoning in *Houston*. *Pro se* prisoners are in unique circumstances. States are concerned that *pro se* prisoners would be subject to more disadvantages than are reasonably necessary in the administration of the criminal justice system if such a rule is not applied. In cases of criminal appeals, a prison mailbox rule furthers the court's interest in hearing appeals on their merits. As the Kansas Court of Appeals explained [in *Taylor v. McKune*, 962 P.2d 566, 569 (Kan. Ct. App. 1998)]:

---

[4] 47 A.3d 481 (Del. 2012).
[5] *See Carr v. State*, 554 A.2d 778, 779 (Del. 1989) (declining to adopt a "prison mailbox rule" and holding that the United States Supreme Court's decision in *Houston v. Lack* did not "establish as a constitutional requirement that there must be a prison mailbox rule" but "merely interpreted the procedure provided for in the Federal Rules of Appellate Procedure").
[6] 487 U.S. 266 (1988).
[7] *Smith*, 47 A.3d at 482-83.

> An inmate faced with a narrow window of 30 days . . . should not be further limited by a statutory interpretation that leaves a timely filing [to] the vagaries of the very entity against whom the action is brought and effectively reduces the time within the petitioner's control to 29 days, or 28 days, or 27 days, or less to make certain the petition is filed in a timely manner. An interpretation that gives an inmate a 30-day opportunity to challenge the action taken by prison authorities is consistent with statutory language and sound public policy, and affords every inmate, wherever situated, with a full 30-day filing period.[8]

The Court also examined case law from states that have adopted a tolling approach for appeals by *pro se* prisoners rather than adopting a prison mailbox rule.[9] Although the Court determined that the rationales for adopting a prison mailbox rule or a tolling approach are persuasive, the Court held that "[t]he unambiguous language of title 10, section 147, Rule 6(a)(ii), and Rule 10(a) preclude us from adopting a prison mailbox rule—or a tolling analysis that reaches the same result—by judicial decision alone."[10]

(5)     *Smith* was not decided based upon principles of constitutional law. It appears that courts in other states have most frequently adopted prison mailbox rules on policy grounds akin to those discussed above rather than based on constitutional principles,[11] but some have held that constitutional principles mandated adoption of

---

[8] *Id.* at 485-86 (footnotes and internal quotations omitted, ellipsis in original).
[9] *Id.* at 486.
[10] *Id.* Rule 6(a)(ii) as cited in *Smith* corresponds to current Rule 6(a)(iii).
[11] *See, e.g.*, *Hackney v. State*, 184 A.3d 414, 425 (Md. 2018) ("We adopt the prison mailbox rule in Maryland for unrepresented prisoners attempting to file post-conviction petitions. From now on, an unrepresented prisoner is deemed to have filed his or her post-conviction petition at the

4

a prison mailbox rule.[12]  This Court in *Smith* held that a Delaware statute precluded the Court from adopting a mailbox rule by judicial decision alone; we are constrained by that holding in the absence of robust briefing from the parties—and, potentially, the need for factual development regarding mail procedures in Delaware's prisons, for example—as to whether a different result is constitutionally required.

(6)　　Nevertheless, in certain circumstances this Court has remanded untimely appeals for reissuance of the order from which the appeal was taken, so that the appellant would have an opportunity to file a timely notice of appeal.  We have determined that is the proper course of action in the circumstances of this case.  Upon remand, the Superior Court shall reissue the August 2023 order denying postconviction relief.

---

moment the prisoner formally delivers it to prison authorities for forwarding to the circuit court. This result not only is reasonably grounded in [a Maryland statute imposing a ten-year time limit for the filing of postconviction proceedings and a Maryland court rule providing that papers shall be filed by filing them with the court clerk], it also is equitable in light of the unique circumstances faced by prisoners unaided by counsel.  None of the holdings of the Maryland cases cited above are disturbed by this pronouncement, nor do they preclude it." (footnote omitted)).  The Maryland court in *Hackney* reviewed case law from various jurisdictions, including this Court's decision in *Carr* but not *Smith*.  *Id.* at 424, 427.

[12] *See, e.g.*, *Woody v. State*, 833 P.2d 257, 259 (Okla. 1992) (finding the rationale of *Houston* persuasive and that, "regardless of *Houston*," a prison mailbox rule was required under Article 2, Section 6 of the Oklahoma Constitution and stating that "[a] discriminatory denial of a statutory right to appeal is a violation of an individual's equal protection rights, and a denial of equal access to courts." (citations omitted)).  *Compare* OKLA. CONST. art. 2, § 6 ("The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."), *with* DEL. CONST. art. 1, § 9 ("All courts shall be open; and every person for an injury done him or her in his or her reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense. . . .").

NOW, THEREFORE, IT IS ORDERED, that the matter is REMANDED to the Superior Court for further action in accordance with this order.  Jurisdiction is not retained.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice