# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE AT KNOXVILLE
## February 27, 2024 Session

## STATE OF TENNESSEE v. JAMES LEON PARKER

**Appeal from the Criminal Court for Sullivan County**
**Nos. S51099, S53084        James F. Goodwin, Jr., Judge**

———————————————————

**No. E2023-00149-CCA-R3-CD**

———————————————————

Defendant, James Leon Parker, appeals the Sullivan County Criminal Court's summary dismissal of his motion for resentencing pursuant to the Drug Free Zone Act ("DFZA"). Defendant was convicted in 2008 of several drug-related offenses, including one count of sale of .5 grams or more of cocaine within 1,000 feet of a school (Count 6) and one count of delivery of .5 grams or more of cocaine within 1,000 feet of a school (Count 7). The trial court merged Counts 6 and 7 and imposed a sentence of 25 years on those counts, which the court ordered to run consecutively to his effective eight-year sentence in the other counts, for a total effective sentence of 33 years. In 2022, Defendant filed a pro se motion for resentencing under Tennessee Code Annotated section 39-17-432(h), and the trial court appointed counsel. While Defendant's motion was pending in the trial court, Governor Bill Lee granted Defendant executive clemency, ordering that Defendant's 25-year sentence in Counts 6 and 7 be commuted, which allowed Defendant to immediately become parole eligible on those counts. Based on Governor Lee's commutation order, the trial court determined that Defendant was ineligible for resentencing and dismissed Defendant's motion "without a hearing due to that ineligibility." Defendant appeals that dismissal and asks this Court to review it under as a writ of certiorari. Following our review, we grant certiorari and reverse and remand for a hearing on Defendant's motion.

**Writ of Certiorari; Judgment of the Circuit Court Reversed and Remanded**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, J., and CAMILLE R. MCMULLEN, P.J., joined.

Jessica F. Butler, Assistant Public Defender – Appellate Division, Franklin, Tennessee, for the appellant, James Leon Parker.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Barry P. Staubus, District Attorney General; and Kristen E. Rose, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Procedural history*

The facts underlying Defendant's 2008 convictions are only relevant to the issue in this appeal to the extent that on three occasions in 2005, the Kingsport Police Department conducted controlled drug transactions, in which Defendant sold crack cocaine to a confidential informant with the third transaction being at the M & M Market located "directly across the street from the Dobyns-Dennett High School tennis courts." *See State v. Parker*, E2009-02353-CCA-R3-CD, 2010 WL 4812746, at *4 (Tenn. Crim. App. Nov. 23, 2010), *no perm. app. filed*. For the sale and delivery of .5 grams or more of cocaine within 1,000 feet of a school, Defendant was sentenced to 25 years. *Id*. at *1. His sentence was enhanced, in part, pursuant to Tennessee Code Annotated section 39-17-432(b)(1), which provided that "[a] violation of § 39-17-417 . . . that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public . . . secondary school . . . *shall* be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation." T.C.A. § 39-17-432(b)(1) (2004) (emphasis added).

In 2020, the Tennessee General Assembly amended the DFZA to reduce the drug-free zone radius from 1,000 feet to 500 feet. *See* T.C.A. § 39-17-432(b)(1)(B) (2020). Additionally, the previous DFZA's requirements that a defendant be punished one classification higher, pay additional fines, and serve at least the minimum sentence for the defendant's appropriate range of sentence became discretionary. *See* T.C.A. § 39-17-432(b)(1), (b)(2), (c)(1) (2020). Finally, the 2020 amendments to the DFZA created a rebuttable presumption that a defendant was not required to serve the minimum sentence for the defendant's appropriate range of sentence at 100 percent but provided that the presumption was overcome if the trial court found that the defendant's conduct "exposed vulnerable persons to the distractions and dangers that are incident to the occurrence of illegal drug activity." T.C.A. § 39-17-432(c)(2) (2020).

The 2020 amendments to the DFZA applied to offenses committed on or after September 1, 2020. However, effective April 29, 2022, our legislature enacted Tennessee Code Annotated section 39-17-432(h), which allows defendants sentenced for offenses committed before September 1, 2020, to file a motion for resentencing under the amended version of the DFZA. The new provision reads:

[T]he court that imposed a sentence for an offense committed under this section that occurred prior to September 1, 2020, may, upon motion of the defendant or the district attorney general or the court's own motion, resentence the defendant pursuant to subsections (a)-(g). The court shall hold an evidentiary hearing on the motion, at which the defendant and district attorney general may present evidence. The defendant shall bear the burden of proof to show that the defendant would be sentenced to a shorter period of confinement under this section if the defendant's offense had occurred on or after September 1, 2020. The court shall not resentence the defendant if the new sentence would be greater than the sentence originally imposed or if the court finds that resentencing the defendant would not be in the interests of justice. In determining whether a new sentence would be in the interests of justice, the court may consider:

(A) The defendant's criminal record, including subsequent criminal convictions;

(B) The defendant's behavior while incarcerated;

(C) The circumstances surrounding the offense, including, but not limited to, whether the conviction was entered into pursuant to a plea deal; and

(D) Any other factors the court deems relevant.

T.C.A. § 39-17-432(h)(1) (2022).

On June 2, 2022, Defendant filed a pro se motion seeking to be resentenced under section 39-17-432(h). In his motion, Defendant alleged that he would be sentenced to a shorter period of confinement under the 2020 amended statute, and Defendant attached to his motion a plethora of exhibits, including letters of recommendation and certificates of completion exemplifying his achievements while incarcerated. The State filed a response to Defendant's motion for resentencing, arguing that Defendant had not demonstrated that "he would have been sentenced to a shorter period of confinement if [his] offenses would have occurred on or after September 1, 2020." The State also argued that resentencing Defendant would not be in "the interests of justice."

On December 22, 2022, Governor Bill Lee granted Defendant executive clemency and commuted Defendant's sentence making him immediately eligible for parole on his 25-year sentence.[1]  The commutation order states as follows:

> After [Defendant]'s commission of the offense, the Tennessee General Assembly amended the drug-free school zone statute by changing the circumstances in which enhanced sentencing may apply.  The circumstances of [Defendant]'s offense do not appear to warrant enhanced sentencing under the drug-free school zone statute as amended.

A hearing on Defendant's motion for resentencing had been scheduled for January 13, 2023.  Prior to the hearing, however, the trial court became aware of Governor Lee's commutation order and concluded that Defendant was thus ineligible for resentencing.  The trial court dismissed Defendant's motion "without a hearing due to that ineligibility."

Defendant appeals.

### *Analysis*

We must first address the issue of jurisdiction.  Defendant asserts that he has a statutory right of appeal under Tennessee Rule of Appellate Procedure 3(b) because Tennessee Code Annotated section 39-17-432(h) provides a "statutory right to be heard on the [resentencing] motion."  Alternatively, Defendant asserts that this Court should treat his notice of appeal as a petition for writ of certiorari because it is the only available remedy.  Defendant argues that a writ is warranted because he was denied his day in court and the trial court lacked authority to dismiss Defendant's motion without a hearing.  The State responds that this case does not warrant the "extraordinary judicial remedy" of a writ of certiorari.

In *State v. Bobo*, 672 S.W.3d 299, 302 (Tenn. Crim. App. 2023), this Court held that neither Tennessee Rule of Appellate Procedure 3 nor the recent amendments to Tennessee Code Annotated section 39-17-432(h) provides for an appeal as of right from the denial of a motion seeking resentencing under the DFZA.  *See also State v. Billingsley*, No. E2022-01419-CCA-R3-CD, 2023 WL 4417531, at *6 (Tenn. Crim. App. July 10, 2023) (adopting *Bobo* and "similarly conclud[ing] that the [d]efendant in this case does not have a right to an appeal on this issue"), *perm. app. denied* (Tenn. Nov. 20, 2023); *cf. State v. Watson*, No. E2022-01321-CCA-R3-CD, 2023 WL 5925717, at *7 (Tenn. Crim. App. Sept. 12, 2023) (holding, by contrast, that Rule 3(b) allows an appeal when a defendant is *granted* a

---

[1] Defendant's 8-year sentence in Counts 1-5 was not subject to the DFZA enhancement.

resentencing because the resentencing will produce a new sentence with an amended final judgment), *no perm. app. filed*.

Defendant attempts to distinguish his case from *Billingsley* and *Bobo* in that those defendants received a hearing on their motions and Defendant did not. Defendant asks this Court to exercise jurisdiction under Rule 3 because "the statute [section 39-17-432(h)] itself affords an appropriate procedural avenue to receive a remedy when that right is thwarted by a trial court's summary dismissal of a resentencing motion without holding the statutorily required hearing." We decline to deviate from our holding in *Bobo*. An appeal as of right must be specifically provided for by statute or rule. Neither Rule 3 nor section 39-17-432(h) specifically provides for a right of appeal from the denial of a motion for resentencing. *Bobo*, 672 S.W.3d at 302.

Since this Court's opinion in *Bobo*, panels of this Court, in recognizing that no appeal lies from a trial court's denial of resentencing, have treated defendants' notices of appeal as requests for writs of certiorari. *See State v. Patton*, No. M2023-00801-CCA-WR-CO, 2024 WL 634887 (Tenn. Crim. App. Feb. 15, 2024); *State v. Potee*, No. M2023-00179-CCA-R3-CD, 2024 WL 748606 (Tenn. February 23, 2024). In *Patton* and *Potee*, the defendants were afforded evidentiary hearings, after which the trial courts considered and weighed the statutory factors and determined that the interests of justice did not support resentencing the defendants. Both *Patton* and *Potee* were reviewed by this Court as a request for a writ of certiorari. We find no reason to depart from the reasoning stated in *Patton* and *Potee* for considering Defendant's request as a petition for writ of certiorari, and thus apply the standard of review for such a request to Defendant here.

The common law writ of certiorari lies "[w]here no appeal is given[.]" T.C.A. § 27-8-102(a)(2) (2023). The General Assembly codified the common law writ of certiorari in Tennessee Code Annotated section 27-8-101 (2000). *State v. Adler*, 92 S.W.3d 397, 401 (Tenn. 2002), *superseded on other grounds by statute, as recognized in State v. Rowland*, 520 S.W.3d 542, 545 (Tenn. 2017). Section 27-8-101 provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy.

T.C.A. § 27-8-101.

The common law writ of certiorari is an "extraordinary judicial remedy," *State v. Lane*, 254 S.W.3d 349, 355 (Tenn. 2008), and may not be used "to inquire into the

correctness of a judgment issued by a court with jurisdiction." *Adler*, 92 S.W.3d at 401 (citing *State v. Johnson*, 569 S.W.2d 808, 815 (Tenn. 1978)). Instead, the writ of certiorari is available "to correct '(1) fundamentally illegal rulings; (2) proceedings inconsistent with essential legal requirements; (3) proceedings that effectively deny a party his or her day in court; (4) decisions beyond the lower tribunal's authority; and (5) plain and palpable abuses of discretion.'" *Lane*, 254 S.W.3d at 355 (citation omitted). As our supreme court decided in *Adler*, where there is "an allegation that the trial court acted without legal authority and because 'there is no other plain, speedy, or adequate remedy,'" certiorari review may be warranted. *Adler*, 92 S.W.3d at 401 (quoting T.C.A. § 27-8-101).

We agree that there is no other "plain, speedy, or adequate remedy" for the denial of a motion for resentencing. Turning to whether a writ is warranted in the present case, we must determine whether the trial court acted without authority or denied Defendant his day in court by dismissing Defendant's motion for resentencing without a hearing.

The 2022 amendment to the DFZA mandates that a court "*shall* hold an evidentiary hearing" on a defendant's motion to resentence under the statute. T.C.A. § 39-17-432(h)(1) (2022) (emphasis added). The statute specifically provides for three instances in which the trial court "*shall not* entertain a motion[:]"

> (A) A previous motion made under this subsection (h) to reduce the sentence was denied after a review of the motion on the merits;
>
> (B) Resentencing the defendant to a shorter period of confinement for this offense would not reduce the defendant's overall sentence or lead to an earlier release; or
>
> (C) The defendant has previously applied to the governor for a grant of executive clemency on or after December 2, 2021, for the same offense *and has been denied*.

T.C.A. § 39-17-432(h)(2) (2022) (emphasis added).

The issue of whether the trial court was statutorily required to hold a hearing on Defendant's motion turns on whether the governor's commutation order was a grant or denial of executive clemency. The State argues that the governor "partially granted and denied Defendant's commutation request[.]" The State asks this Court to view the commutation order as a denial of clemency because the governor "declined to lower the number of overall years or to fully commute [Defendant's] sentence[.]" In Defendant's view, the governor granted Defendant's request for clemency by commuting his sentence

and, therefore, the trial court should have held a hearing on Defendant's motion for resentencing.

Additionally, Defendant argues that while the clemency order did commute his sentence to one that made him immediately parole eligible, it did not "guarantee that [Defendant] would make parole, nor did [the grant of clemency] reduce his overall sentence." Defendant's position is that although he was released to parole by the governor's commutation, "his overall 33-year sentence remains in effect" in the form of parole with "all the punitive restrictions associated with that classification, until at least 2030."

The issue is one of statutory construction. "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *State v. Howard*, 504 S.W.3d 260, 269 (Tenn. 2016) (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). "When statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language. . . ." *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009) (citation omitted); *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004). A statute is ambiguous when "the parties derive different interpretations from the statutory language." *Howard*, 504 S.W.3d at 270 (quoting *Owens*, 908 S.W.2d at 926). If a statute is ambiguous, the Court "'may reference the broader statutory scheme, the history of the legislation, or other sources' to determine the statute's meaning." *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016) (quoting *Sherman*, 266 S.W.3d at 401).

The power of executive clemency is constitutional. Tenn. Const. art. III, §6. The governor has the "power to grant reprieves, commutations and pardons in all criminal cases after conviction, except impeachment." T.C.A. § 40-27-101. The governor can grant conditional pardons upon such conditions and with such restrictions and limitations as he deems proper. *Id*. § 40-27-102. "The same principle applies to the lesser grant, the commutation." *Rowell v. Dutton*, 688 S.W.2d 474, 477 (Tenn. Crim. App. 1985); *see* T.C.A. § 40-37-104. Furthermore, the governor has the power to revoke a commutation and recommit the prisoner upon the violation of one of the conditions, restrictions or limitations. *State ex rel. Bedford v. McCorkle*, 40 S.W.2d 1015, 1016 (1931). Upon application for a pardon by a person sentenced to death, the governor may commute the sentence to life imprisonment if he or she "is of [the] opinion that the facts and circumstances adduced are not sufficient to warrant a total pardon." T.C.A. § 40-27-105. This Court has no role in clemency proceedings except for that provided by Tennessee Code Annotated section 40-27-106. Under that provision, the governor may commute the punishment from death to life imprisonment upon the certificate of this Court, "that in its

opinion, there are extenuating circumstances attending the case, and that the punishment ought to be commuted."

The power of executive clemency is discretionary. The governor may grant full pardons, conditional pardons, full commutations, and commutations with restrictions and limitations. We are not persuaded by the State's argument that the governor's commutation of Defendant's sentence was only a "partial" grant and, therefore, the equivalent of a "denial" of clemency as contemplated by Tennessee Code Annotated section 39-17-432(h)(3). Courts must presume that the legislature "deliberately used each word in a statute and that the use of each word conveys a specific purpose and meaning." That the governor granted less than a full commutation of Defendant's sentence does not mean that Defendant's request for clemency was denied. The State argues Defendant should not be given "the opportunity to seek additional resentencing beyond that which was ordained by the governor." Notably, this argument concedes a grant of relief. If the legislature intended anything less than a full commutation of a defendant's sentence to be construed as a denial of clemency, then the statute would have made such a distinction.

We agree with Defendant that he was denied his day in court by the trial court's dismissal without a hearing on his motion for resentencing. The State asserts that "Defendant has received the relief that he would seek in his day in court" by having received a commutation of his sentence. Nevertheless, Defendant remains on parole. A full commutation of Defendant's sentence would not result in Defendant's being on parole.

In the unique posture we find this case, we hold that the trial court exceeded its statutory authority by not holding an evidentiary hearing. In so holding, however, we make no determination on the merits of Defendant's motion for resentencing and request to modify his parole status. The State invites this Court to "construe the trial court's denial as a determination that the interests of justice were not in favor of resentencing a defendant who had already received executive clemency in the form of a partial commutation." It is not the role of this Court to determine the merits of Defendant's motion.

Accordingly, we grant Defendant's request for a writ of certiorari and reverse the trial court's summary dismissal of Defendant's motion for resentencing. This case is remanded for a hearing to determine if Defendant's parole status should be modified pursuant to T.C.A. §39-17-432(h).

 

 

_____
TIMOTHY L. EASTER, JUDGE