STATE *ex rel.* P. B. ROWE *v.* E. D. CONNORS.

*(Nashville,* December Term, 1932.)

Opinion filed June 24, 1933.

J. N. Daniels, ffor plaintiff in error.

Nat Tipton, Assistant Attorney-General, for defendant in error.

Mr. Chief Justice Green delivered the opinion of the Court.

This is a *habeas corpus* proceedings brought by the relator to obtain his release from the State prison. The petition was dismissed by the trial judge and the relator has appealed.

Relator was convicted of the offense of obtaining money by false pretenses and was sentenced to the penitentiary for a term off three years. After serving a portion of his term he was granted a conditional pardon by the Governor. The pardon recited the facts that induced executive clemency and contained the following:

"In view of the above facts and in view of the condition of the family of this man, the Governor is constrained to grant a pardon upon the condition that this man obey the law in every way, lead the life of a good citizen, refrain from the use, sale, manufacture, or possession of all kinds off intoxicants, contrary to our laws, or other conduct in the judgment of the Governor improper;

whereupon without question or review he shall be taken into custody on the Governor's warrant to serve the remainder of his sentence in this case.''

The relator was released from the prison in consequence of this pardon. Some time later the Governor issued a warrant commanding his re-arrest and redelivery to the State penitentiary to ''there serve the remainder of his sentence unless otherwise legally discharged.'' The Governor's warrant contained this recitation:

''And it now coming to the attention of the Governor that the said Perry B. Rowe has not kept the law and has not conducted himself as a good citizen; and it being to the interest of society that those receiving executive clemency on such conditions shall be required in good faith to observe and keep the same, or be returned to the warden of the penitentiary and forfeit the clemency extended to him, it is therefore and hereby ordered, etc., etc.''

The court below dismissed the petition for *habeas corpus* on the ground that he was without jurisdiction to review the action of the Governor in ordering this man to be again taken into custody and we are of opinion that the court was right.

The only restrictions upon the pardoning power of the Governor are contained in Section 6 of Article III of the Constitution providing that he ''shall have power to grant reprieves and pardons after conviction, except in cases of impeachment.'' This court has declared ''there is no reasonable basis for argument that a pardon may not be issued with conditions attached.'' *State ex rel. Bedford* v. *McCorkle,* 163 Tenn., 101.

A prisoner may accept or he may decline a pardon

but, if he accepts the pardon, he likewise accepts the conditions imposed therein. *State ex rel.* v. *Garrett,* 135 Tenn., 617; *Battistelli* v. *State,* 141 Tenn., 565.

There have been some legislative attempts to regulate the power of the Governor with respect to pardons but this court has said:

"The vestiture of the power to grant reprieves and pardons in the Chief Executive is exclusive of all other departments of the State, and the legislature cannot, directly or indirectly, take it from his control, and vest it in others, or authorize or require it to be exercised by any other officer or authority. It is a power and a duty intrusted to his judgment and discretion, which cannot be interfered with, and of which he cannot be relieved." *State* v. *Dalton,* 109 Tenn., 544. Approved in *Fite* v. *State ex rel.,* 114 Tenn., 646.

It may be said that, in the exercise of this power to grant pardons and reprieves, the Governor can, no more be controlled by the courts than he can by the legislature.

The relator relies on a line of authorities of which *State ex rel. O'Connor* v. *Wolfer,* 53 Minn., 135, 39 Am. St. Rep., 582, 19 L. R. A., 782, is a good example. Similar authorities are collected in a note in 60 A. L. R., 1410 et seq. These decisions hold that a prisoner, out under conditional pardon, retaken by the Governor's order, is entitled to a judicial hearing and an opportunity to show that he has performed the conditions of his pardon or to show a legal excuse for not performing such conditions. The Minnesota Court, however, in the case cited, said:

"As a pardon is wholly a matter of mercy, we are not prepared to hold that the legislature may not provide that in case of a conditional pardon the Governor may,

even without giving the prisoner an opportunity to be heard, determine whether the condition has been violated, and, if he determines that it has, remand him to the State prison; and it may be that, even in the absence of any statute, the Governor would have the right to insert such a provision or condition in the pardon itself, for it might well be argued that the statute in the one case, and the express provision of the instrument itself in the other, constituted a condition to which the prisoner voluntarily subjected himself by the acceptance of the pardon.''

In the light of previous decisions of this court, the legislature could not in any wise limit or extend the Governor's pardoning power. We think, however, by apt language in the instrument itself, the Governor in Tennessee can stipulate that he shall have exclusive power to determine whether the conditions of a pardon issued have been broken. That he can make this one of the conditions of the pardon and bring the case within the second exception indicated by the Minnesota Court to the rule it laid down.

The pardon before us issued upon the conditions therein named and the observance of those conditions was committed to ''the judgment of the Governor.'' In the event of a breach of the conditions, the provision was that ''without question or review, he shall be taken into custody on the Governor's warrant to serve the remainder of his sentence in this case.''

Dealing with a similar case, the Texas Court of Criminal Appeals said of a provision like that before us ''It seems to us that this recital makes it plain that the Governor was agreed upon by the parties to the grant, as the sole arbiter when and what should be held a termina-

tion of the grant. Of what use or avail would a court hearing or judgment be, when it is agreed upon and written into the document as decisive that whatever in the Governor's opinion justifies him shall be grant for revocation. There is nothing in the terms of the grant which binds the Governor to hear testimony *pro* and *con*, or which points out the route he must take in arriving at a conclusion that the grantee had violated the law or had been guilty of misconduct, or done any other thing deemed of such character by the Chief Executive as to merit the revocation." *Ex parte Frazier*, 239 S. W., 972.

In a like case the Supreme Court of Indiana observed:

"As we have already said, the Governor had authority to grant parole, but, as he did it as a matter of grace and not as a duty, it was his right to impose such conditions as he saw proper, and when the appellant accepted it, he, by implication as well as by express agreement, did so subject to all of its terms and conditions." *Woodward* v. *Murdock*, 124 Ind., 439, 24 N. E., 1047.

Other cases reasoned to the same effect are collected in a note in 60 A. L. R., 1421. Some of these cases are noted with apparent approval in *State ex rel. Bedford* v. *McCorkle*, 163 Tenn., 101, although the exact question before us did not arise in that case.

The warrant of the Governor recites that Rowe "has not kept the law and has not conducted himself as a good citizen."

Rowe had his hearing, his day in court, at the trial upon which he was convicted. When re-arrested, he was at large by the grace of the Governor, upon conditions which he had accepted, subject to re-arrest at the discretion of the Governor. We agree with the court below, the conditions imposed in the pardon not being il-

legal, immoral or impossible of performance, the courts of this State are without jurisdiction to review the action of the Governor in ordering that relator be again taken into custody.

Affirmed.