**John E. WHITE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

July 2, 1986.

Permission to Appeal Denied by Supreme Court, Sept. 15, 1986.

Gale Robinson, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen., Albert L. Partee, III, Asst. Atty. Gen., Dan Hamm, Asst. Dist. Atty. Gen., Nashville, for appellee.

OPINION

TATUM, Judge.

This is an appeal by the appellant, John E. White, from a judgment denying habeas corpus relief. In the petition for habeas corpus, the appellant challenged the validity of the Governor's revocation of a previously granted executive commutation of his penitentiary sentence. We agree with the trial judge that the revocation was valid.

On May 3, 1971, in Davidson County, the appellant was convicted of first-degree murder and received a sentence of 99 years. In January of 1979, former Governor Ray Blanton commuted the appellant's sentence to time served, after he had served eight and one-half years. In December of 1979, appellant was indicted on charges of third-degree burglary and larceny. Additionally, in June of 1980, appellant was indicted for five counts of receiving and concealing stolen property. In March of 1981, petitioner was convicted of aiding and abetting the receiving and concealing of stolen property, and received a sentence of six to ten years. Subsequently, on June 30, 1982, following a revocation hearing before the Board of Paroles, Governor Lamar Alexander revoked the appellant's commutation.

The appellant complains that the revocation of the commutation granted by Governor Blanton was illegal, and therefore the trial court erred when it denied the appellant's petition for habeas corpus relief. Relying on *Bowen v. State,* 488 S.W.2d 373 (Tenn.1972) and *Rowell v. Dutton,* 688 S.W.2d 474 (Tenn.Crim.App.1985), the appellant argues that upon the commutation of his sentence to time served, the eight and one-half years of incarceration he had already served stood as if that had been

the sentence pronounced in the first instance. In other words, the commutation to time served had the effect of turning the appellant's sentence into an eight and one-half year sentence originally. Therefore, the appellant reasons, at the time Governor Alexander revoked the commutation granted by former Governor Blanton, there was no sentence in existence. Consequently, there was no sentence to revoke. We disagree.

The appellant's commutation was conditioned upon his good behavior. The exact language is as follows:

"This commutation is granted conditioned that the aforesaid prisoner obey all rules and regulations of the authority having custody of him, lead the life of a good citizen, obey all the laws of the Nation, States, and Municipalities and shall not be guilty of other conduct, in the opinion of the Governor, improper and illegal. In the event any of the foregoing conditions are violated, the Governor, at his option (or on the recommendation of the State Board of Pardons, Paroles and Probation) may issue a warrant for the arrest and return of said prisoner to the Warden of the State Penitentiary to undergo remainder of said original or commuted sentence, as determined by the Governor. The Governor shall be sole judge as to whether or not any of the aforesaid conditions have been violated, and there shall be no review of his action thereon by any Court whatsoever."

The power to grant pardons and commutations is given to our Governor by the Constitution of Tennessee, Article III, Section 6. The power to make commutations conditional is conferred upon the Governor by T.C.A. § 40–27–102:

"The Governor may grant pardons upon such conditions and with such restrictions and limitations as he may deem proper, and may issue his warrant to all proper officers to carry into effect such conditional pardon."

■ Generally, the effect of a commutation of sentence is to terminate the term of imprisonment on the date that the commutation becomes effective, subject only to the conditions in the commutation. Where a prisoner violates the conditions of a conditional commutation, the commutation may be revoked. 67A. *Corpus Juris Secundum,* Pardon and Parole, § 38.

By accepting the conditional commutation, the prisoner accepts the conditions imposed therein. *State ex rel. Rowe v. Connors,* 166 Tenn. 393, 61 S.W.2d 471 (1933). The constitutional power to revoke a prisoner's commutation is not subject to judicial control. *Id.,* 61 S.W.2d at 472. We find that Governor Lamar Alexander's revocation of appellant's conditional commutation is valid and binding. Upon the appellant's breach of the conditions set out in the conditional commutation, Governor Alexander had the authority to revoke the commutation.

■ The appellant argues that, upon his commutation, the remainder of his sentence expired. Therefore, the Governor could not revoke the commutation where there was a nonexistent sentence. The appellant relies upon *Rowell v. Dutton, supra,* in which the court held that the executive power to revoke ends at the expiration of the commutee's sentence. We find that the facts of the instant case differ from those in the *Rowell* case. Here, the appellant's sentence will not expire until May 3, 2070, or with incentives, February, 1999. Thus, we find that the appellant's conditional commutation was revoked well within the term of his sentence. In addition, his sentence has not expired, because the commutation was expressly conditioned upon the appellant's "good behavior." Upon the appellant's breach of these conditions prior to the expiration of his sentence, Governor Alexander's revocation of the commutation was valid and binding.

For the reasons set out above, we affirm the judgment of the trial court.

DUNCAN and CORNELIUS, JJ., concur.