Jerry Thomas RICKS, Appellant,

v.

STATE of Tennessee, Christine Bradley,
Commissioner, and Charles Noles,
Warden, Appellees.

Court of Criminal Appeals of Tennessee,
at Jackson.

March 16, 1994.

Permission to Appeal Denied by
Supreme Court July 25, 1994.

388

Clarence U. Cochran, Jr., Asst. Public Defender, Dyersburg (G. Stephen Davis, Dist. Public Defender, of counsel), for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Joel W. Perry, Asst. Atty. Gen., Nashville, C. Phillip Bivens, Dist. Atty. Gen., Lyman Ingram, Asst. Dist. Atty. Gen., Dyersburg, for appellee.

## OPINION

JONES, Judge.

The appellant, Jerry Thomas Ricks, appeals as of right from a judgment of the trial court dismissing his suit for habeas corpus relief. The appellant contends that his sentence has expired. He argues that the trial court erred in finding that he was serving an 85 year sentence rather than a 40 year sentence. He also argues that he was denied a probable cause hearing when he was arrested for violating the terms of his commutation.

The judgment of the trial court is affirmed.

On the 9th day of January, 1967, the appellant was sentenced in three cases. He was convicted of murder in the first degree and was sentenced to serve seventy-five (75) years in the Department of Correction. He was convicted of robbery with a deadly weapon and sentenced to serve ten (10) years in the Department of Correction. He was convicted in a second case of robbery with a deadly weapon and was sentenced to serve twenty-five (25) years in the Department of Correction. The sentences for murder in the first degree and the first robbery with a deadly weapon case were required to be served consecutively for an effective sentence of eighty-five (85) years.

On the 21st day of January, 1982, Governor Lamar Alexander commuted the appellant's 85 year sentence to a 40 year sentence. The commutation was granted on the condition that "[Ricks] will be under parole and/or commutation supervision by the Board of Paroles until the expiration of his original sentence." Due to the commutation, the appellant was released from the Department of Correction on March 1, 1983.

The appellant testified that he did not report to a parole officer from his release in 1983 until he was contacted by a parole official in 1986. The parole official advised the appellant that there had been a miscalculation; and he was required to report to his parole officer. The appellant, believing that he had served his sentence, nevertheless agreed to begin reporting to the officer.

On the 5th day of February, 1992, the appellant was arrested in Davidson County for the commission of several misdemeanor offenses. He was sentenced to serve six (6) months in the Davidson County Workhouse. An arrest warrant was issued by the Board of Paroles on March 2, 1992. The warrant alleged that "the Governor has probable cause to believe that Jerry Thomas Ricks has violated the conditions of his commutation." A hearing was conducted on the 9th day of April, 1992, to determine if the appellant violated the commutation. The Board of Paroles found that the appellant had violated the commutation; and the Board recommended that the commutation be revoked.

When the evidentiary hearing was conducted on March 8, 1993, the appellant's commutation had not been revoked. Nevertheless, the trial court found the appellant had failed to establish that his sentence had expired; and the court dismissed the appellant's suit. In ruling, the trial court found that the appellant's actual incarceration, the good behavior credits, and the honor grade credits totalled twenty-eight (28) years and two (2) months. The trial court noted in its findings of fact that the Department of Correction could have erroneously miscalculated the appellant's parole eligibility date based on the eighty-five (85) year sentence as opposed to the commuted forty (40) year sentence. The trial court stated in this regard: "It may well be that petitioner is entitled to relief in some other forum based upon possible miscalculations ...; however, this Court cannot grant relief by way of habeas corpus."

The appellant filed a *pro se* motion to rehear. The trial court subsequently granted the motion. Before the rehearing was conducted, a revocation of the commutation was received from the governor's office. The document is not dated. It states in part:

In February of 1992, a commutation violation report was filed alleging Mr. Ricks had violated certain conditions of his commutation. On February 26, 1992, the issuance of a commutation violation warrant was authorized. On April 9, 1992; a commutation violation hearing was held.

The Board of Paroles found that Mr. Ricks violated Rule No. 2 based on three misdemeanor convictions; violated Rule No. 3 for not reporting his arrest and violated Rule No. 7 for not reporting to his parole officer. The Board recommended that Mr. Ricks' commutation be revoked and that he be granted all street time credit from March 1, 1983, to March 5, 1992. I have determined to follow the Board's recommendation.

Now, therefore, I, Ned McWherter, Governor, by virtue of the power and authority vested in me by the law and constitution, do hereby revoke the aforesaid commutation which was granted to Mr. Ricks in

1982 and further grant all street time credit from March 1, 1983, to March 5, 1992.

The trial court found that the appellant was serving the original eighty-five (85) years of confinement in the Department of Correction, as the commuted sentence of forty (40) years had been revoked. The court also found the appellant had failed to establish that he had credits which equalled the new sentence.

## I.

■ The remedy of habeas corpus finds its origin in the common law.[1] In this jurisdiction, the remedy is guaranteed by the Constitution.[2] The object of the remedy "is to obtain immediate relief from illegal restraint or confinement...."[3]

■ It is a well-established principle of law that the remedy of habeas corpus is limited in scope as well as relief.[4] In criminal cases, the remedy is limited to cases where the judgment is void or the term of imprisonment has expired.[5] In other words, "the only relief that can be given a prisoner in a state habeas corpus proceeding is release."[6]

■ Since the appellant contended that his sentence had expired, he was entitled to invoke the remedy of habeas corpus.[7] However, before he was entitled to relief, he was required to prove that his sentence had expired.[8]

## II.

The appellant contends that his commuted sentence had expired prior to Governor McWherter revoking the commutation.[9] He argues that the time he has served and the credits to which he is entitled equal or exceed the commuted sentence of forty (40) years. He further argues that the trial court miscalculated the credits to which he is entitled in determining whether his sentence had expired.

The state contends that Governor Alexander commuted the appellant's sentences solely for the purpose of parole—in all other respects the sentences remained in effect. In the alternative, the state contends that the appellant, not the trial court, has miscalculated the time to which he is entitled by law.

The trial court found that the appellant has actually served seventeen (17) years and nine (9) months. The parties do not dispute this finding. The trial court further found that the appellant was entitled to good behavior credits of seven (7) years and seven (7) months. The appellant admits in his brief that he is only entitled to four (4) years of good behavior credit. The trial court also found that the appellant was entitled to honor grade time of two (2) years and ten (10) months. The appellant contends that he is entitled to good conduct credits of eleven (11) years, ten (10) months, and ten (10) days; and, in addition, he is entitled to incentive credits of four (4) years and six (6) months. Assuming *arguendo* that the appellant's calculations are correct, he still is not entitled to release. His calculations total thirty-eight

1. *Ussery v. Avery*, 222 Tenn. 50, 53, 432 S.W.2d 656, 657 (1968).

2. Tenn. Const. art. 1, § 15.

3. *State ex rel. Dickens v. Bomar*, 214 Tenn. 493, 499, 381 S.W.2d 287, 289 (1964).

4. *Archer v. State*, 851 S.W.2d 157, 161–162 (Tenn.1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn.1992); *State v. Warren*, 740 S.W.2d 427, 428 (Tenn.Crim.App.1986).

5. *Hall v. Heer*, 217 Tenn. 392, 393–394, 398 S.W.2d 71, 71 (1966); *State ex rel. Jordan v. Bomar*, 217 Tenn. 494, 500, 398 S.W.2d 724, 726 (1965); *State ex rel. Hall v. Meadows*, 215 Tenn. 668, 675, 389 S.W.2d 256, 259 (1965); *State ex rel. Dickens v. Bomar*, 214 Tenn. at 498, 381 S.W.2d at 289; *State ex rel. Grandstaff v. Gore*, 182 Tenn. 94, 98, 184 S.W.2d 366, 367 (1945); *State ex rel. Karr v. Taxing Dist.*, 84 Tenn. 240, 249 (1886); *State ex rel. Stewart v. McWherter*, 857 S.W.2d 875, 877 (Tenn.Crim.App.1992).

6. *State v. Warren*, 740 S.W.2d at 428.

7. *Rowell v. Dutton*, 688 S.W.2d 474, 476 (Tenn. Crim.App.1985), *per. app. denied*, March 25, 1985.

8. *See Leonard v. Criminal Court*, 804 S.W.2d 891, 892 (Tenn.Crim.App.1990).

9. *See Rowell v. Dutton*, 688 S.W.2d 474 (Tenn. Crim.App.1985).

(38) years and five (5) months. This does not equal or exceed the commuted sentence of forty (40) years.

The real issue in controversy is whether the appellant is entitled to "street time," the time spent on parole from March 1, 1983, through March 5, 1992. The appellant argues that he is entitled to "street time" as a matter of right. However, the appellant does not cite a statute, rule or common law decision which grants him this time as a matter of right. Instead, the appellant refers to the revocation of his commutation. As previously noted, Governor McWherter granted the appellant credit for the time he spent on parole when the governor revoked his commutation.

## A.

■ The power of a governor to commute [10] a prisoner's sentence is rooted in the Tennessee Constitution. Article III, Section 6 of the Constitution provides: "He [the governor] shall have power to grant reprieves and pardons, after conviction, except in cases of impeachment." [11] It is a well-established principle of law that the power to "grant reprieves and pardons" embraces the right to commute a sentence. [12] In 59 Am.Jur.2d Pardon and Parole § 23 (1987), it is said:

The power to commute a sentence is a part of the pardoning power and may be exercised under a general grant of that power. The general power necessarily contains in it the lesser power of remission or commutation. If the whole offense may be pardoned, a fortiori, a part of the punishment may be remitted or the sentence commuted.

Neither the legislative nor the judicial branch of government has the authority to regulate or control the governor's power to commute a sentence. [13]

■ When a governor commutes a prisoner's sentence, the governor simply shortens the sentence—a lesser or shorter sentence is substituted for the sentence imposed by the jury or the trial court following the prisoner's conviction. [14] A commutation does not alter, change or otherwise affect the adjudication of the prisoner's guilt or the judgment entered by the trial court predicated upon the prisoner's guilt of the crimes for which he was convicted. In addition, a commutation affirms the sentence imposed by the jury or the trial court—it simply modifies this sentence. In other words, the modified or commuted sentence simply replaces the sentence imposed by the jury or the trial court; and the commuted sentence has the same legal effect as if it had been originally

10. *Black's Law Dictionary* 351 (4th ed. 1968), defines the word "commutation" as "[a]lteration; change; substitution; the act of substituting one thing for another." The term, when used in criminal jurisprudence, is defined as:

The change of a punishment from a greater to a less; as from hanging to imprisonment. Although both a pardon and a commutation are granted by the sovereign power, a "commutation" means merely a change or punishment, while a "pardon" avoids or terminates punishment for crime. A pardon bears no relation to the term of punishment, and must be accepted or it is nugatory; commutation removes no stain, restores no civil privilege, and may be effected without the consent and against the will of the prisoner.

"Commutation" is also distinguishable from a "reprieve" or "respite," meaning simply the withholding of a sentence for an interval of time, a postponement of execution, or a temporary suspension of execution (citations omitted).

*Ballentine's Law Dictionary* 232 (3rd ed. 1969) defines the phrase "commutation of sentence" as "[t]he changing of a sentence imposed for crime

to less severe punishment; the substitution of a lesser punishment for a greater by authority of law."

11. The General Assembly has enacted legislation that embraces the constitutional right of a governor to commute a sentence. Tenn.Code Ann. § 40–27–101. This statute provides that the "governor has [the] power to grant reprieves, commutations and pardons in all criminal cases after conviction, except impeachment, subject to the regulations provided in this chapter."

12. See *Rowell v. Dutton*, 688 S.W.2d at 476–477; *White v. State*, 717 S.W.2d 309, 310 (Tenn.Crim. App.1986), per. app. denied, September 15, 1986.

13. *Collins v. State*, 550 S.W.2d 643, 650 (Tenn.), cert. denied, 434 U.S. 905, 98 S.Ct. 303, 54 L.Ed.2d 192 (1977); *Bowen v. State*, 488 S.W.2d 373, 377 (Tenn.1972); *State ex rel. Rowe v. Connors*, 166 Tenn. 393, 396, 61 S.W.2d 471, 472 (1933).

14. *Collins v. State*, 550 S.W.2d at 650; *Bowen v. State*, 488 S.W.2d at 375.

imposed by the jury or the trial court.[15] The law is succinctly summarized in 59 Am.Jur.2d *Pardon and Parole* § 23 (1987):

> The effect of a commutation of sentence is merely to remit or release the punishment without removing the guilt of the offender, and since it is a mere substitution of a lesser for a greater punishment, it has the same legal effect, and the status of the prisoner is the same, as though the sentence had originally been for the commuted term.

Since the appellant's commutation contained conditions, it is appropriate to discuss the law applicable to conditional commutations.

**B.**

 A governor may grant a conditional commutation.[16] The commutation may contain such conditions, restrictions and limitations as the governor deems proper.[17] The conditions imposed may be either precedent or subsequent to the prisoner's release. However, the conditions must be reasonable as well as legal, moral, and possible for the prisoner to perform.[18] A condition that the prisoner be supervised by the Board of Paroles is reasonable. A condition that the prisoner obey the laws of the United States, the State of Tennessee, and the ordinances of a municipality is also reasonable.[19]

 If a prisoner violates the conditions contained in the commutation, the governor may revoke the commutation[20] before the commuted sentence expires.[21] Once the commutation has been revoked, the prisoner's original sentence is reinstated. The action of the governor in revoking a commuted sentence for the violation of a specified condition "is not subject to judicial control."[22]

The commutation granted by Governor Alexander was conditional. Governor McWherter had the right to revoke the commutation when the appellant violated the conditions contained in the commutation. However, the pivotal question is whether the appellant was entitled, as a matter of right, to credit for the time he spent on parole; or, in the alternative, did this credit accrue when Governor McWherter revoked the commutation.

**C.**

 The appellant was not entitled to credit for the time he spent on parole as a matter of legal right. Tenn.Code Ann. § 40–28–122(a) provides in part that "the time an inmate spent on parole shall not be considered as service of the sentence unless the board [of paroles] determines to grant all or part of such time to the inmate." Consequently, the appellant was not entitled to credit for the time he spent on parole when the hearing was conducted in this case. The credit did not accrue until Governor McWherter revoked the commutation and awarded the appellant credit for his "street time."

 Governor McWherter was not required, as a matter of law, to grant the appellant credit for the time spent on parole. Tenn.Code Ann. § 40–27–104 provides that "[t]he governor may, in his discretion, remit a portion of the imprisonment of a convict in the penitentiary upon the recommendation of the board of paroles in writing." In short, the question of whether the appellant should be given credit for the time he spent on parole addressed itself to the sound discretion of Governor McWherter. He was not obligated to follow the recommendation of the Board of Paroles that the appellant be given credit for the time he spent on parole.

 The credit for parole time granted by Governor McWherter cannot be applied retroactively. Thus, this credit could not be used in determining whether the commuted

---

15. *Collins v. State,* 550 S.W.2d at 650; *Bowen v. State,* 488 S.W.2d at 375–376.

16. *See White v. State,* 717 S.W.2d at 310.

17. Tenn.Code Ann. § 40–27–102 provides that the governor may grant a commutation "upon such conditions and with such restrictions and limitations as he may deem proper...."

18. *See* 67A C.J.S. *Pardon & Parole* § 37 (1978).

19. *See* 67A C.J.S. *Pardon & Parole* § 37 (1978).

20. *White v. State,* 717 S.W.2d at 310.

21. *Rowell v. Dutton,* 688 S.W.2d 474, 477 (Tenn. Crim.App.1985), *per. app. denied,* March 25, 1985.

22. *White v. State,* 717 S.W.2d at 310.

sentence of forty (40) years had expired. Governor McWherter reinstated the appellant's original effective sentence of eighty-five (85) years confinement in the Department of Correction simultaneously with the revocation of the commutation. The Department of Correction must apply the "street time" credit in determining when the appellant has served his eighty-five (85) year sentence.

Since the appellant failed to establish that the time he has served and the credits to which he is entitled equal or exceed forty (40) years, his sentence has not expired.[23]

This issue is without merit.

### III.

The appellant also contends that the trial court should have granted him habeas corpus relief because he "was denied a probable cause hearing, as required by statute, subsequent to his arrest in 1992." The record reflects that the appellant did not raise this issue in his initial petition for habeas corpus relief or in the initial petition to rehear, which was filed after the trial court filed its findings of fact and order. Counsel subsequently filed an amended "motion to rehear" which quotes the statute providing for a probable cause hearing.

 The enactment of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Criminal Procedure abolished the petition to rehear and motion to rehear in both civil and criminal cases. Rule 59, Tenn. R.Civ.P., sets forth the post-trial motions in civil cases. This rule does not embrace either a petition to rehear or a motion to rehear. This Court has ruled on several occasions that the Tennessee Rules of Criminal Procedure do not embrace either a petition to rehear or a motion to rehear.[24] Consequently, this issue was not properly raised in the trial court; and the trial court was not given the opportunity to rule upon the issue. The petition or motion to rehear filed in this cause by the appellant was a nullity. Moreover, if the rules did in fact recognize a petition to rehear, a new issue could not be raised in the petition.

The petition or motion filed by the appellant can conceivably be considered a motion for a new trial.[25] Assuming *arguendo* that the pleading was a motion for a new trial, the appellant was not entitled to raise this issue as it had not been previously raised in the pleadings filed in the cause. The purpose of a motion for a new trial is to correct errors that occurred during the trial, or in the case of a bench trial, errors of law or fact that are contained in the trial court's findings of fact and conclusions of law.

This issue is without merit.

WHITE, Judge, and DANIEL, Special Judge, concur.

---

**23.** It is not necessary for this Court to address the state's contention that the "petitioner's sentence was commuted to forty years only for the purpose of placing the petitioner on parole. In all other respects the petitioner's eighty-five years sentence remained in effect." The commutation granted by Governor Lamar Alexander states in part:

> I, Lamar Alexander, Governor, by virtue of the power and authority vested in me by Article III of the Constitution of the State of Tennessee do hereby commute the sentence of Jerry Thomas Ricks, #62482, of a total of eighty-five (85) years for first degree murder and two counts of robbery with a deadly weapon, to forty (40) years, effective January 21, 1982.
> This commutation is granted with the conditions hereinafter set forth:
> Mr. Ricks will remain in the custody of the Department of Correction until such time as he

is approved for parole, and must abide by the rules and regulations of the Department. Upon release, *he will be under parole and/or commutation supervision by the Board of Paroles until the expiration of his original sentence.* Commutation supervision shall consist of supervision similar to the rules, regulation and guidelines established by the Board of Paroles for the supervision of parolees (emphasis added).

If the appellant had established that the commuted sentence of forty (40) years had expired, this issue would have to be resolved. Given the determination made by the Court, the issue is moot.

**24.** *See State v. Ryan,* 756 S.W.2d 284, 285 n. 2 (Tenn.Crim.App.1988), *per. app. denied,* August 29, 1988.

**25.** *See Bemis Co. v. Hines,* 585 S.W.2d 574, 575 (Tenn.1979).