IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1997 SESSION

FILED

May 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| WILLIAM JONES, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9606-CC-00263 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Hamilton V. Gayden, Jr., Judge |
| | ) | |
| JACK MORGAN, Warden, | ) | (Habeas Corpus) |
| Nashville Community Service | ) | |
| Center, DONAL CAMPBELL, | ) | |
| Corrections Commissioner, and | ) | |
| the TENNESSEE DEPARTMENT | ) | |
| OF CORRECTION, | ) | |
| | ) | |
| Appellees. | ) | |

For the Appellant:

William Jones, Pro Se
No. 85426
NCSC 7466 Centennial Blvd.
Nashville, TN 37209-1052

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
      and
Patricia C. Kussmann
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
Washington Square
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

The petitioner, William Jones, appeals as of right from the dismissal of his petition for habeas corpus relief by the Davidson County Circuit Court for failure to state grounds justifying the issuance of a writ of habeas corpus. The petitioner is in the custody of the Department of Correction serving an effective sentence of sixty-two years for his 1977 convictions of second degree murder and armed robbery. On appeal, the petitioner contends that his sentence has been served, given the sentencing credits to which he claims entitlement.

In his pro se petition, the petitioner contends that he is being illegally restrained of his liberty because of a denial and improper calculation of sentencing reduction credits. He asserts that he should have been awarded twelve years, seven months and eight days for good behavior credits. He argues that he should be released, calculating his parole eligibility as May 1993 and his sentence expiration as May 1995.

The state filed a motion to dismiss the petition, asserting that the petitioner failed to state grounds upon which habeas corpus relief could be granted and that the trial court lacked jurisdiction as grounds for dismissal. In dismissing the petition for habeas corpus relief, the trial court held that it had jurisdiction to review the petition, but found that the petition failed to state grounds upon which a writ of habeas corpus could be granted. The trial court stated:

> Petitioner asserts that over the course of his confinement he has become entitled to 12 years, 7 months and 8 days of sentence reduction credits. Even accepting that as true, it is clear from the face of the petition that petitioner's sentence has not expired and that what he is actually complaining about is either the failure of respondents to grant him a parole hearing or respondent's failure to calculate his sentence reduction credits properly. Neither of these is a proper subject of habeas corpus review.

2

The trial court held that sentencing credits are internal Department of Correction matters which must be addressed through the Uniform Administrative Procedures Act.

Ordinarily, the Great Writ of habeas corpus is available when a petitioner alleges that the sentence has fully expired, thereby claiming that he or she is entitled to release. See, e.g., Ricks v. State, 882 S.W.2d 387 (Tenn. Crim. App. 1994). However, such relief is not available to challenge Department of Correction matters that have no bearing on the validity of the restraining conviction, the resulting sentence, or the expiration of the sentence. See, e.g., State v. Warren, 740 S.W.2d 425, 428 (Tenn. Crim. App. 1986). In this respect, any complaint regarding sentence credit miscalculations that relate to parole or other release eligibility short of full service of the sentence does not warrant habeas corpus relief.

In the present case, much of the petitioner's complaints deal with inactions by the Department of Correction relative to parole hearings and calculation of sentence reduction credits. As the trial court concluded, the petitioner's claims on these issues do not state grounds for habeas corpus relief.

As for the petitioner's claim that his sentence has, in fact, expired as of May 1995, he alleges that an unidentified Department of Correction counselor told him when he was originally incarcerated that his sixty-two-year sentence would be deemed "to 'flatten' (fully expire)" at the end of thirty-one years. He then asserts that given his sentence reduction credits to which he claims entitlement and the time he has actually served since 1977, he should now be entitled to release. However, it is obvious that his actual service of about nineteen years plus the sentencing credits of twelve years, seven months and eight days to which he claims entitlement do not add up to expiration of his sixty-two-year sentence. Moreover, he presents no law to support his claim that a sixty-two-year sentence expires in thirty-one years. Instead, the record indicates that

3

he is using as his base sentence an expiration date calculation by the Department of Correction that already includes his projected sentencing credits. In other words, the petitioner's calculations provide him with doubled sentencing credits to which he is not entitled.

Thus, without his sentence having fully expired, the petitioner is not entitled to habeas corpus relief. In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
Joe G. Riley, Judge


_____
Thomas T. Woodall, Judge