IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

NOVEMBER SESSION, 1998

FILED

August 19, 1999

Cecil W. Crowson
Appellate Court Clerk

GARVIN T. SHEPHERD,    )    C.C.A. NO. 01C01-9710-CC-00452

    Appellant,    )

    )

    )    WAYNE COUNTY

VS.    )

    )    HON. ROBERT L. JONES

JAMES M. DAVIS, Warden,    )    JUDGE

WAYNE COUNTY BOOT    )

CAMP, and    )

STATE OF TENNESSEE,    )

    Appellees.    )    (Habeas Corpus Relief)


FOR THE APPELLANT:

JOHN E. HERBISON
2016 Eighth Avenue South
Nashville, TN 37204

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

LISA A. NAYLOR
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

MIKE BOTTOMS
District Attorney General

J. DOUG DICUS
Assistant District Attorney
P. O. Box 1119
Waynesboro, TN 38485


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

On June 24, 1995, Appellant Garvin T. Shepherd filed a petition for habeas corpus relief in the Circuit Court of Wayne County, asserting that his sentence had expired. On November 1, 1995, the trial court dismissed the petition for lack of subject matter jurisdiction. On September 19, 1996, this Court reversed the judgment of the trial court and remanded the case for further proceedings. After an evidentiary hearing on May 8, 1997, the trial court dismissed the petition as being without merit. Appellant challenges the dismissal of his petition. After a review of the record, we affirm the judgment of the trial court.

## BACKGROUND

On January 5, 1972, Appellant received a ninety-nine year sentence for a rape conviction. On September 24, 1984, Governor Lamar Alexander signed an order of executive clemency that commuted Appellant's ninety-nine year sentence to a sentence of twenty years. The order of executive clemency stated that the commutation contained the following conditions:

> 1) [Appellant] is to lead the life of a good citizen, obey the laws, and not be guilty of conduct which is illegal or improper in the opinion of the Governor.
> 2) [Appellant] will be under parole and/or commutation supervision by the Board of Paroles until the expiration of his original sentence, and must abide by the terms of this supervision.
> 3) [Appellant] is not to use, possess, or be associated with, any type of firearms or illegal drugs.
> In the event the Governor determines that any of the foregoing conditions have been violated, the Governor in his discretion may revoke this grant of executive clemency and require the grantee to undergo the remainder of his/her sentence. The Governor shall be the sole judge as to whether any of the aforesaid conditions have been violated, and there shall be no review of his action thereon by any Court whatsoever.

On October 8, 1984, the effective date of the order of executive clemency, Appellant was released from custody. On September 19, 1986, Appellant was arrested and charged with aggravated rape. Appellant pled guilty to rape on October 30, 1987, and he received a twelve year sentence on December 4, 1987. On August 25, 1988, Governor Ned McWherter signed an order that revoked Appellant's commutation. The revocation order provided that Appellant was to receive credit for all "street time" and that Appellant's new twelve year sentence was to begin on the probationary parole date of the original ninety-nine year sentence.

In 1990, Appellant filed a petition for habeas corpus relief in the Circuit Court of Davidson County, asserting that his confinement on the ninety-nine year sentence was illegal because the Governor had no legal authority to revoke his commutation and reinstate the previous sentence. The trial court dismissed the petition without a hearing, and Appellant appealed. This Court subsequently affirmed the dismissal of the petition, holding that the Governor did have legal authority to revoke the commutation and reinstate the original sentence because the commutation was expressly conditioned on Appellant's good behavior throughout the term of his original sentence. State ex rel. Garvin Shepherd v. Jack Morgan, No. 89-287-III, 1990 WL 78944, at *2–4 (Tenn. Crim. App., Nashville, June 13, 1990).

On June 24, 1995, Appellant filed the petition in this case in the Circuit Court of Wayne County, asserting that he was entitled to release from prison because the revocation of his commutation was void and the subsequent sentence of twelve years he received in 1987 had expired. On November 1,

1995, the trial court dismissed the petition without a hearing on the basis of a lack of subject matter jurisdiction. This Court subsequently reversed the judgment of the trial court and remanded the case for a determination of whether the commuted sentence had expired, stating that if the commuted sentence had expired, then the commutation revocation was void. Garvin T. Shepherd v. James M. Davis, No. 01C01-9601-CC-00007, 1996 WL 529994, at *1 (Tenn. Crim. App., Nashville, Sept. 19, 1996). After an evidentiary hearing on May 8, 1997, the trial court dismissed the petition as being without merit.

## ANALYSIS

Appellant contends that he is entitled to habeas corpus relief because both of his sentences have expired. Appellant argues that the revocation of his commutation was void because the Governor had no power to revoke his commutation once the commuted sentence had expired. Appellant also argues that because the revocation of his commutation was void, he has been serving his subsequent twelve year sentence, not his original ninety-nine year sentence, and his twelve year sentence has expired.

### A. Habeas Corpus Relief

It is well-established in Tennessee that habeas corpus relief is only available when a conviction is void because the convicting court was without jurisdiction or authority to sentence a defendant, or when a defendant's sentence has expired and the defendant is being illegally restrained. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Johns v. Bowlen, 942 S.W.2d 544, 546 (Tenn.

Crim. App. 1996). Because Appellant contends that the revocation of his commutation was void and therefore his sentences have expired, a petition for habeas corpus relief is the appropriate method for seeking relief. See Ricks v. State, 882 S.W.2d 387, 390 (Tenn. Crim. App. 1994).

## B. Power of Commutation

Article III, Section 6 of the Tennessee Constitution provides that the Governor "shall have the power to grant reprieves and pardons, after conviction, except in cases of impeachment." Tenn. Const. art III, § 6. This power to grant reprieves and pardons "embraces the right to commute a sentence, that is, to impose a lesser or shorter sentence for the sentence imposed following a defendant's conviction." Carroll v. Raney, 953 S.W.2d 657, 659 (Tenn. 1997); Bowen v. State, 488 S.W.2d 373, 375 (Tenn. 1972). The commuted sentence stands as if it had been the judgment imposed in the first instance. Carroll, 953 S.W.2d at 659; Bowen, 488 S.W.2d at 375.

"The Governor's power to grant reprieves, pardons and commutations is limited only by the language in the Constitution." Carroll, 953 S.W.2d at 659. Thus, "neither the legislature nor the judicial branch of government has the authority to regulate or control the governor's power to commute a sentence." Id. at 660 (quoting Ricks, 882 S.W.2d at 391). In addition, the Governor has the authority to attach conditions or restrictions to a commuted sentence that are "reasonable, legal, and possible for the defendant to perform." Carroll, 953 S.W.2d at 660; Ricks, 882 S.W.2d at 392.

"By accepting the conditional commutation, the prisoner accepts the conditions imposed therein." White v. State, 717 S.W.2d 309, 310 (Tenn. Crim. App. 1986). If the prisoner subsequently violates one of the conditions, the Governor has the power to revoke the commutation. Id.; State ex rel. Garvin Shepard, 1990 WL 78944, at *3.

## C. Revocation of Appellant's Commutation

In this case, the State concedes that although Appellant's original ninety-nine year sentence had not expired, his commuted sentence of twenty years had expired before the Governor revoked the commutation. The State also concedes that if the revocation was invalid, Appellant's additional twelve year sentence has expired and he is entitled to be released from custody. Thus, the outcome of this case depends on whether the Governor has the power to revoke a conditional commutation when a prisoner violates the conditions during the term of the original sentence, even though the period of the commuted sentence has expired. We conclude that the Governor does have this power.

We conclude that the Governor may revoke a conditional commutation when a prisoner violates the conditions at any time before the term of the original sentence expires. Indeed, that is the express holding of the only reported Tennessee case that is directly on point. In White v. State, 717 S.W.2d 309 (Tenn. Crim. App. 1986), the prisoner's original ninety-nine year sentence had been commuted to "time served" on the condition that he "obey all rules and regulations of the authority having custody of him, lead the life of a good citizen, obey all the laws of the Nation, States, and Municipalities and shall not be guilty

of other conduct, in the opinion of the Governor, improper and illegal." The prisoner was subsequently convicted of another crime, and the Governor revoked his commutation. Thereafter, the prisoner appealed the revocation of his commutation, claiming that the revocation was invalid because the Governor had no power to revoke his commutation after his commuted sentence expired. As support for his proposition, the prisoner relied on Rowell v. Dutton, 688 S.W.2d 474 (Tenn. Crim. App. 1985), in which this Court held that the Governor could not revoke a commutation after the original sentence had expired. This Court rejected the prisoner's contention and held that because the prisoner's commutation was expressly conditioned on his good behavior for the term of the original sentence, the Governor had the power to revoke the commutation when the prisoner breached the condition. White, 717 S.W.2d at 310. In so holding, this Court distinguished Rowell by noting that the commutation in Rowell was not conditional. White, 717 S.W.2d at 310.

Despite Appellant's assertion to the contrary, the holding of this Court in White has never been overruled or modified. In State ex rel. Garvin Shepard, 1990 WL 78944, this Court held that the trial court did not err when it dismissed Appellant's previous petition for habeas corpus relief in which he essentially made the exact same claim that he is making in this case. In so holding, this Court stated that because Appellant's commutation was expressly conditioned on his good behavior for the term of his original ninety-nine year sentence, the Governor had the power to revoke the conditional commutation at any time before the ninety-nine year sentence expired. 1990 WL 78944, at *3. In so holding, this Court distinguished Rowell by noting that the revocation in Rowell occurred after the prisoner's original sentence had already expired while the

revocation of Appellant's commutation occurred long before his original sentence expired. 1990 WL 78944, at *3. In Carroll v. Raney, 868 S.W.2d 721 (Tenn. Crim. App. 1993), this Court held that a prisoner was entitled to an evidentiary hearing on his petition for habeas corpus relief so that the trial court could determine whether his sentence had expired before the Governor had revoked his commutation. This Court cited White and stated that the trial court should determine whether the commutation was conditional because "[u]nless there were specific conditions attached to the original commutation, the petitioner may be entitled to release." Id. at 723–24.

Appellant relies on Ricks v. State, 882 S.W.2d 387 (Tenn. Crim. App. 1994), for the proposition that this Court has abandoned the rule on revocation of conditional commutations as recited in White, State ex rel. Garvin Shepherd, and Carroll. In Ricks, the prisoner's original eighty-five year sentence had been commuted to forty years on the condition that he was to be "under parole and/or commutation supervision by the Boards of Paroles until the expiration of his original sentence." The Governor subsequently revoked the commutation after the Board of Paroles recommended revocation because the prisoner had violated his parole. The prisoner claimed on appeal that the revocation was invalid because the Governor had revoked his commutation after the commuted sentence had expired. This Court affirmed the dismissal of the prisoner's petition for habeas corpus relief after it concluded that the revocation was valid because it occurred before the commuted sentence had expired. Id. at 392–93. This Court then noted that because the prisoner's commuted sentence had not expired before revocation, there was no need to address the question of whether the revocation would have been valid if it had occurred after the commuted

-8-

sentence had expired.  Id. at 393 n.23.  This Court stated, "[i]f the appellant had established that the commuted sentence of forty (40) years had expired, this issue would have to be resolved."  Id.

Appellant contends that this Court's statement in Ricks that this issue would have to be "resolved" if the commuted sentence had expired means that this Court had abandoned the rule recited in the previous cases.  We do not agree that the dicta in Ricks changed the established law as recited in this Court's previous cases.  It is evident that the Ricks dicta meant that if the prisoner's commuted sentence had expired before the revocation, this Court would have had to "address" the issue, not that the issue had never been "resolved".  Indeed, in William D. Carroll v. Fred Raney, No. 02C01-9510-CC-003, 1996 WL 219152 (Tenn. Crim. App., Jackson, May 2, 1996), affirmed on other grounds, 953 S.W.2d 657 (Tenn. 1997), this Court reversed the judgment of the trial court and dismissed the prisoner's petition for habeas corpus relief after holding that the Governor had the power to revoke the conditional commutation when the prisoner violated the conditions, even though the commuted sentence had expired.  Indeed, this Court cited State ex rel. Garvin Shepherd for the proposition that because the commutation was conditional, the Governor retained the power to revoke it until the term of the original sentence had expired.  Id., 1996 WL 219152, at *3–4.

Appellant also relies on one sentence from the recent Tennessee Supreme Court case of  Carroll v. Raney, 953 S.W.2d 657 (Tenn. 1997), to support his proposition that the Governor cannot revoke a commutation once the commuted sentence has expired.  In Carroll, the supreme court stated, "Upon a finding that

a condition [of a conditional commutation] has been violated, the commuted sentence may be revoked by the Governor, provided that the sentence has not expired." Id. at 660 (citing Rowell v. Dutton, 688 S.W.2d 474, 477 (Tenn. Crim. App. 1985)). We do not agree with Appellant that this somewhat ambiguous statement changed the established law regarding the revocation of conditional commutations. As previously explained by this Court in State ex rel. Garvin Shepherd, the sentence that had expired in Rowell was the original sentence, not a conditional commuted sentence. See State ex rel. Garvin Shepherd, 1990 WL 78944 at, *3. Thus, the supreme court's citation to Rowell, indicates that the "sentence" the supreme court was referring to is an "original sentence" rather than a "commuted sentence". We do not think that the supreme court intended to make a major change in the established law regarding the revocation of conditional commutations in such an off-hand manner. Indeed, the Tennessee Court of Appeals has recently examined this same issue and has come to the same conclusion. See James A. Lemay v. State, No. 01-A-01-9807-CH-00397, 1999 WL 430475, at *3 (Tenn. Ct. App., Nashville, June 29, 1999) (holding that the Governor may revoke a conditional commutation at any time before the original sentence expires and stating that the supreme court's statement in Carroll does not alter this rule).[1]

_____

[1]Appellant also argues that regardless of the established law regarding the revocation of conditional commutations, he is entitled to relief under the law of the case doctrine. Specifically, Appellant relies on a statement in Garvin T. Shepherd, 1996 WL 529994, at *1, in which this Court indicated that Appellant would be entitled to relief if he could establish that his commuted sentence had expired before the revocation was undertaken. However, the law of the case doctrine is not a constitutional mandate or a limitation on the power of a court. Memphis Pub. Co. v. Tennessee Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998). Rather, it is a discretionary doctrine that need not be applied when the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand. Id. First, it should be noted that this statement is dicta and is not necessary to the narrow holding of the previous case. Secondly, and perhaps more importantly, the statement was made by this Court while this Court was under the mistaken impression that the terms of the commutation lasted only for the term of the sentence as commuted rather than the sentence as imposed. As noted previously, the express terms of the commutation, as accepted by Appellant, clearly submit him to supervision for the term of the sentence as originally imposed. For these reasons we decline to apply the law of the case doctrine in this appeal.

## CONCLUSION

In conclusion, Appellant is not entitled to habeas corpus relief. The established law in Tennessee is that the Governor may revoke a conditional commutation any time the commutee violates the conditions before the term of the original sentence has expired. See White, 717 S.W.2d at 310; State ex rel. Garvin Shepard, 1990 WL 78944, at *3; see also Carroll, 868 S.W.2d at 723–24; William D. Carroll, 1996 WL 219152, at *3-4; James A. Lemay, 1999 WL 430475, at *3; White v. Livesay, 715 F.Supp. 202, 203 (M.D. Tenn. 1989). Because Governor McWherter revoked Appellant's commutation before the ninety-nine year term of the original sentence had expired, the revocation was valid.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
GARY R. WADE, PRESIDING JUDGE

_____
JOHN H. PEAY, JUDGE