IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 2, 2004 Session

## STATE OF TENNESSEE v. JOHN RUFF

**Appeal from the Criminal Court for Shelby County**
**No. 97-06150   John P. Colton, Jr., Judge**

---

**No. W2004-00438-CCA-R3-CD  - Filed March 16, 2005**

---

The petitioner was convicted for assault in Shelby County.  During the proceedings on these convictions, the trial court found the petitioner in contempt of court on two occasions.  On appeal, we reversed the petitioner's convictions for assault.  Upon remand, the State moved to nolle prosequi the petitioner's assault charges, and the trial court entered nolle prosequi on September 7, 1999, without cost, which dismissed the assault charges against the petitioner without prejudice.  These charges were later expunged.  On March 18, 2003, the petitioner filed two petitions to expunge the contempt judgments.  The trial court denied the petitioner's petition to expunge the contempt convictions in January of 2004.  The petitioner filed a notice of appeal to this Court on February 20, 2004.  The petitioner presents five issues for review: (1) whether the trial court erred under Tennessee's Expungement Statute by refusing to expunge the petitioner's contempt records and the related records in general sessions court; (2) whether the trial court clerk and the chief administrative official of the State violated petitioner's due process rights and the provisions of Tennessee Code Annotated section 40-32-102 by not expunging petitioner's contempt records within sixty days of filing an expungement petition; (3) whether the trial court and district attorney general violated the petitioner's constitutional rights of due process and equal protection by causing petitioner to be held in contempt; (4) whether the trial court improperly allowed petitioner to waive counsel on December 5, 1997, in case number 97-06150; and (5) whether the trial court had jurisdiction in case numbers 96-09407,-08 and 97-06150.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and J. C. MCLIN, JJ., joined.

John Ruff, Pro Se, Memphis, Tennessee.

Paul G. Summers, Attorney General & Reporter; David H. Findley, Assistant Attorney General; William L. Gibbons, District Attorney General, and Perry Hayes, Assistant District Attorneys General, for the appellee, State of Tennessee.

# OPINION

## Factual Background

In 1996, some Memphis Police Department officers stopped the defendant for a traffic violation. They arrested the defendant when he refused to sign the traffic citation the officers issued. When they arrived at the Shelby County Jail the defendant "passively resisted" the thumb printing procedure and then allegedly assaulted the officers. State v. John D. Ruff, No. 02C01-9801-CR-00006, 1999 WL 281072, at *1 (Tenn. Crim. App., at Jackson, May 7, 1999). The Shelby County Grand Jury indicted the defendant on two counts of assault. Id.

On September 5, 1997, the trial court entered a judgment against the petitioner for contempt in case number 97-09407. He was sentenced to ten (10) days in the workhouse for this offense.

At proceedings on January 23, 1998 that were leading up to the petitioner's trial for the assault charges, case number 97-06150, he informed the court that he was unhappy with the performance of his public defender and asked the trial court to appoint private counsel. The trial court approved the withdrawal of the public defender. The trial court then found that the petitioner was not indigent for purposes of appointing private counsel. The trial court offered the defendant the opportunity to represent himself if he wanted, but otherwise ordered the petitioner to be prepared for trial in May.

The petitioner's case was set for trial on May 12, 1998. When he appeared before the trial court, the petitioner argued that he was supporting two other people and, therefore, he could not afford private counsel. The court found the petitioner in contempt because he was not prepared for trial and sentenced the petitioner to two days in the county jail. The petitioner then complained that he had the right to represent himself. The petitioner then asked the trial court to reconsider and appoint private counsel for him. The trial court denied the motion for the appointment of private counsel.

The petitioner went on to represent himself at trial. He was eventually convicted in a jury trial for the two assault charges. The petitioner then appealed these convictions to our Court. John D. Ruff, No. 02C01-9801-CR-00006, 1999 WL 281072. Our Court reversed the petitioner's convictions for assault because the trial court failed to scrutinize the factors necessary before granting the petitioner's request to represent himself at trial. Id. at *4. This Court never reached the issue of the sufficiency of the evidence. Id. The petitioner however never appealed his contempt convictions and they became final judgments.

Upon remand, the State moved to nolle prosequi the petitioner's assault charges. The petitioner did not object, and the trial court entered nolle prosequi on September 7, 1999, without cost, which dismissed the assault charges against the petitioner without prejudice. State v. John Ruff, No. W1999-01536-CCA-R3-CD, 2001 WL 58732 (Tenn. Crim. App., at Jackson, Jan. 19, 2001). The assault charges were thereafter, expunged.

Apparently, following the entry of the nolle prosequi on the assault charges, the petitioner orally moved the trial court to dismiss his conviction for contempt. State v. John Ruff, No. W1999-01457-CCA-R3-CD, 2000 WL 307317, at *1 (Tenn. Crim. App., at Jackson, Mar. 24, 2000). The trial court denied the request and the petitioner filed a motion for reconsideration on January 26, 1999. Id. The trial court also denied this written motion on May 11, 1999. Id. The petitioner filed a notice of appeal on June 7, 1999, challenging the validity of the judgment for contempt of court. Id. This Court denied the petitioner's request for relief based on an untimely notice of appeal. Id. at *2.

On March 18, 2003, the petitioner filed two petitions to expunge the contempt judgments. The trial court held a brief hearing on January 21, 2004, in which the trial court denied the petitioner's petition. That same day, the trial court entered a written order also denying the petitioner's petition to expunge the contempt convictions. The petitioner filed a notice of appeal to this Court on February 20, 2004.

## ANALYSIS

The petitioner presents five issues for review: (1) whether the trial court erred under Tennessee's Expungement Statute by refusing to expunge the petitioner's contempt records and the related records in general sessions court; (2) whether the trial court clerk and the chief administrative official of the State violated petitioner's due process rights and the provisions of Tennessee Code Annotated section 40-32-102 by not expunging petitioner's contempt records within sixty days of filing an expungement petition; (3) whether the trial court and district attorney general violated the petitioner's constitutional rights of due process and equal protection by causing petitioner to be held in contempt in case numbers C96-09407 and C97-06150; (4) whether the trial court improperly allowed petitioner to waive counsel on December 5, 1997, in case number 97-06150; and (5) whether the trial court had jurisdiction in case numbers 96-09407,-08 and 97-06150.

### Issues I & II - Denial of Petition to Expunge Contempt Convictions

We first address the petitioner's issues in which the petitioner argues that the trial court erred in not expunging his convictions for contempt of court. The petitioner's appeal stems from a final judgment which makes petitioner's appeal an appeal under Rule 3(b) of the Tennessee Rules of Appellate Procedure. Rule 3(b) enumerates the judgments from which a defendant may appeal as of right. "A final judgment in a criminal contempt" is included as a judgment from which a defendant may appeal. Tenn. R. App. P. 3(b). However, the petitioner is not appealing from a final judgment in a criminal contempt.

The petitioner is instead appealing from the trial court's denial of his petition to expunge his contempt convictions. Our supreme court has held that "[b]ecause of plain and unambiguous language of Rules 3(b) and 3(c) . . . neither the State nor a criminal defendant has the authority to appeal as of right an unfavorable ruling concerning an expungement order under Rule 3." State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002). Therefore, the petitioner has no appeal of right of the trial court's denial of his petition under Rule 3.

Despite the fact that an appeal is unavailable under Rule 3 of the Tennessee Rule of Appellate Procedure, we must determine whether to permit the appeal to proceed as a petition for a writ of certiorari, as the Supreme Court did in Adler when it heard the State's appeal that the trial court erroneously granted an order of expungement. See id. at 401-03 (disagreeing with the State and concluding that defendant convicted of lesser-included offense is entitled to have record expunged of any greater offense for which jury returned not guilty verdict).

The common law writ of certiorari has been codified in Tennessee Code Annotated section 27-8-101. That section provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 27-8-101. "Generally, the writ of certiorari is limited in application and does not normally lie to inquire into the correctness of a judgment issued by a court with jurisdiction." Adler, 92 S.W.3d at 401. Even so, "an appellate court is within its province" to grant the writ when the trial court's action is without legal authority." Id. A writ of certiorari is an order from a superior court to an inferior tribunal to send a complete record for review, so that the court can determine whether that tribunal has exceeded its jurisdiction, or has acted illegally, fraudulently or arbitrarily. Yokley v. State, 632 S.W.2d 123, 126 (Tenn. Ct. App. 1981). The writ is not available as a matter of right; its grant or denial is within the sound discretion of the trial court and will not be reversed on appeal unless there is an abuse of discretion. Boyce v. Williams, 389 S.W.2d 272, 277 (Tenn. 1965).

In the case sub judice, the petitioner has not met the requirements to obtain review by a writ of certiorari. The trial court has not "exceeded its jurisdiction, or acted illegally, fraudulently or arbitrarily." See Yokley, 632 S.W.2d at 126. The authority and procedure for expungement is found at Tennessee Code Annotated section 40-32-101. That statute states:

> All public records of a person who has been charged with a misdemeanor or a felony, and which charge has been dismissed, or a no true bill returned by a grand jury, or a

verdict of not guilty returned by a jury, and all public records of a person who was arrested and released without being charged, shall, upon petition by that person to the court having jurisdiction in such previous action, be removed and destroyed without cost to such person . . . .

Tenn. Code Ann. § 40-32-101(a)(1).

The petitioner's convictions for assault were dismissed under a <u>nolle prosequi</u> and subsequently expunged. The petitioner argues that because these assault convictions were expunged, the trial court's judgments for contempt of court should also be expunged. However, the contempt of court judgments are judgments separate and apart from that of the assault judgments. When this Court reversed the petitioner's convictions for assault on direct appeal, we did not address the trial court's judgments for contempt of court. <u>State v. John D. Ruff</u>, No. 02C01-9801-CR-00006, 1999 WL 281072, at \*1 (Tenn. Crim. App., at Jackson, May 7, 1999). Therefore, our reversal, and the subsequent <u>nolle prosequi</u>, only addressed the assault convictions.

The petitioner has also not timely appealed his contempt convictions under Rule 3 of the Tennessee Rules of Appellate Procedure. The petitioner never filed a notice of appeal from his C97-09407 contempt of court conviction. The petitioner did file a notice of appeal from C97-06150 contempt conviction, but this Court dismissed the appeal because the notice to appeal was not timely filed.

Therefore, the contempt of court convictions have not "been dismissed, or a no true bill returned by a grand jury, or a verdict of not guilty returned by a jury" as required by Tennessee Code Annotated section 40-32-101(a)(1) for the records to be expunged. The trial court has ruled according to both the statutory law, as provided under Tennessee Code Annotated section 40-32-101(a)(1), and the current case law, under <u>State v. Adler</u>, 92 S.W.3d 397 (Tenn. 2002).

These issues are, therefore, without merit.


## <u>Issue III - Violation of Petitioner's Due Process Rights</u>

The petitioner also argues that his due process rights were violated by the trial court and district attorney when he was held in contempt. The petitioner's argument in his brief begins with a statement of his issue. The petitioner's argument in its entirety, is as follows:

The above Statement of the Facts show that petitioner was held in contempt of court under C96-09407 for exercising his constitutional right to request recusal of the trial court. Such Statement of the Facts further shows that petitioner was held in contempt

-5-

of court under C97-06150 on the misstatement of an assistant attorney general that petitioner allegedly failed to comply with a trial court order requiring counsel at a May 12, 1998, proceeding when no such order existed. In Veach v. State, [sic] 491 S.W.2d 81, 83 (Tenn. 1973) the Tennessee Supreme Court stated that "a constitutional question may be raised at any time."

This argument is followed by a restatement of the petitioner's issue.

In his argument, the petitioner makes no citation to the record, nor does he cite any cases that support his argument. Rule 27(a)(7) of the Tennessee Rules of Appellate Procedure provides that a brief shall contain "[an] argument . . . setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on." Tennessee Court of Criminal Appeals Rule 10(b) states that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." See also State v. Sanders, 842 S.W.2d 257 (Tenn. Crim. App. 1992) (determining that issue was waived where defendant cited no authority to support his complaint). The appellant fails to cite any authority for his claim and fails to cite to the record. For these reasons the petitioner's issue is waived. Moreover, the contempt convictions were not appealed, have become final, and any issues with respect to them cannot be raised at this time.

### Issues IV & V - Waiver of Right to Counsel and Trial Court's Lack of Jurisdiction

The petitioner also argues that the trial court forced the petitioner to waive his constitutional right to counsel in proceedings concerning his assault convictions and that the trial court did not have jurisdiction to hear the cases for simple assault, evading arrest, obstruction of process of service and the contempt charges.

Initially we point out that the notice of appeal refers only to the judgments from the trial court that deny his petition to have the contempt convictions expunged. Therefore, the trial court's judgments denying the petitioner's petition to expunge the contempt convictions are the only basis for appeal in the case sub judice. Any issues dealing with the petitioner's previous charges should have been brought in that direct appeal. Furthermore, the assault charges have now been expunged, so there is no adverse order from which he could launch any action, such as a direct appeal or a petition for post-conviction relief.

We are precluded from granting the petitioner relief with respect to this issue.

### Potential Pardon

While it is highly unlikely that given the finality of the contempt convictions, the petitioner can receive relief from the courts, he is not entirely without a means to seek redress. He may file an

application for executive clemency. Art. III, Sec. 6 of the Constitution of Tennessee gives the governor of this State the power to pardon the petitioner for the contempt convictions. Of course, the decision of whether to grant the request for a pardon rests wholly with the governor and neither the courts nor the legislature have any power to regulate that decision. See Ricks v. State, 882 S.W.2d 387 (Tenn. Crim. App. 1994).

## **CONCLUSION**

In light of the foregoing, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE